THE NATIONAL BROADWAY BANK, Respondent, *v.* DAVID G. YUENGLING, Jr., Appellant, and Others.

*Defect of parties defendant.*

In an action brought by a judgment-creditor to set aside certain conveyances made by a limited copartnership to a corporation, and to have a certain mortgage, which had been executed by the corporation to the Farmers' Loan and Trust Company, as trustee, adjudged fraudulent, it appeared that the transfer and mortgage thus attacked were made under an agreement between the limited copartnership and a corporation, and one of the members of the copartnership, individually, and certain creditors of such parties, and three trustees, by which it was provided that a new corporation, to be known as the David G. Yuengling, Jr., Brewing Company, should be organized, to which the property of the limited copartnership, and of the individual member thereof, should be transferred, in consideration of which it should assume payment of all indebtedness owing to the creditors of the firm, and of the individual member thereof, and of the New York and Staten Island Brewing Company, who should sign such agreement.

The complaint alleged that the agreement was carried out, but that the conveyances and transfers thereunder were made by the copartnership and the individual member thereof, and were accepted by the David G. Yuengling, Jr., Brewing Company with the intent and for the purpose of hindering, delaying and defrauding their creditors.

Neither the New York and Staten Island Brewing Company, nor any of the creditors who signed the agreement, were made parties to the action, to the com-

plaint in which the defendant Yuengling demurred on the ground that they were necessary parties to the action.

*Held,* that the demurrer should be sustained.

That as the complaint attacked not merely the conveyances and transfers of the judgment-debtor's property, which were made pursuant to the agreement, but assailed the agreement itself, and further alleged that all the parties to the agreement had notice at the time it was executed of the intention to hinder, delay and defraud creditors, and asked that the said agreement be declared null and void as against the plaintiff, that the court could not properly adjudicate that the New York and Staten Island, Brewing Company, and the creditors signing this agreement, entered into the same knowing it to be fraudulent without affording them an opportunity to be heard on that subject.

That these creditors were not represented in this respect by the Farmers' Loan and Trust Company, which was made a party defendant to the action, as that corporation was not a trustee for these creditors as to any rights they had acquired directly under the agreement, nor the representative of the creditors in entering into the agreement.

Appeal by the defendant David G. Yuengling, Jr., from a judgment of the Supreme Court, overruling a demurrer interposed by said defendant to the plaintiff's complaint, which judgment was entered in the office of the clerk of the county of New York on the 12th day of April, 1889.

The demurrer was interposed on the ground that there was a defect of parties defendant.

*Moses Weinman,* for the appellant.

*Charles A. Deshon,* for the respondent.

Bartlett, J. :

The National Broadway Bank is a judgment-creditor of the defendant David G. Yuengling, Jr., having recovered twenty judgments against him as the general partner in a limited copartnership doing business under the firm name and style of D. G. Yuengling, Jr., the special partner being the defendant William Belden. The present suit is brought by the bank to set aside certain conveyances, transfers and assignments made by this firm of D. G. Yuengling, Jr., and by the defendants Yuengling and Belden to a corporation known as the D. G. Yuengling, Jr. Brewing Company, and also to have certain mortgages adjudged fraudulent which had been executed by the said corporation to the Farmers' Loan and Trust Company, as trustee, in so far as the same cover property against which the

plaintiff's claims would be enforceable if still in the hands of the limited partnership or of the members of that firm.

The transfer and mortgage thus attacked were made under and pursuant to an agreement between David G. Yuengling, Jr., and William Belden, composing the firm already mentioned; David G. Yuengling, Jr., individually; The New York and Staten Island Brewing Company; such creditors of the three parties already mentioned as actually signed the instrument; and Conrad N. Jordan, George M. Hard and Octavius D. Baldwin as trustees. This agreement recited that the firm, the defendant Yuengling, individually, and the New York and Staten Island Brewing Company had incurred obligations which they were unable to meet at maturity, but that they claimed to have assets, respectively, more than sufficient to discharge their respective obligations if the same were properly administered in connection with the brewing business of said firm and company. To this end it went on to provide that the defendants Yuengling and Belden should procure the formation of a corporation to be known as the D. G. Yuengling, Jr., Brewing Company, with a capital stock of two millions, to which should be transferred the property of the limited copartnership and of the defendant Yuengling individually, in return for which the corporation thus organized should issue its capital stock to the firm, and would assume payment, by means of its mortgage bonds, of all the indebtedness owing to such creditors of the firm and of the defendant Yuengling individually, and of the New York and Staten Island Brewing Company, as should sign the agreement, such indebtedness not to exceed $1,500,000 in the aggregate. It further provided that the new corporation should execute a mortgage to the Farmers' Loan and Trust Company upon the property thus transferred to it, to secure payment of the bonds which were to be issued to the creditors who signed the instrument; that the limited copartnership should assign to Messrs. Jordan, Hard and Baldwin, as trustees, all the capital stock in the new corporation to be held by them as security for the payment of the mortgage bonds, and the copartnership and the New York and Staten Island Brewing Company should also procure all the capital stock of the latter corporation to be assigned to the same trustees as like security; and that the creditors of the firm and of the defendant Yuengling individually, and of the New York and

Staten Island Brewing Company who signed, should accept the mortgage bonds of the new corporation in full release, satisfaction and discharge of their several claims. The complaint alleges, in substance, that this agreement was carried out, but that the conveyances and transfers thereunder were made by the defendant Yuengling and his firm and accepted by the D. G. Yuengling, Jr., Brewing Company, with the intent and for the purpose of hindering, delaying and defrauding their creditors. The New York and Staten Island Brewing Company was not made a defendant in the present suit, nor was any one of the creditors who signed the agreement, and the defendant Yuengling demurred to the complaint, on the ground that both the brewing company and these creditors were necessary parties to the action. His demurrer was overruled at the Special Term and he has appealed to this court.

We think the demurrer ought to have been sustained. The complaint does not merely attack the transfers and conveyances of the judgment-debtors' property which were made pursuant to the agreement that has been mentioned, but it assails the agreement itself. In the fifth subdivision of the complaint is an express averment that "the said agreement was made by the said firm of D. G. Yuengling, Jr., and the said David G. Yuengling, Jr., with intent to hinder, delay and defraud their creditors, and among them this plaintiff;" and further, that all the parties to the agreement had notice at the time it was executed of such intent to hinder, delay and defraud. And in the demand for judgment, the first prayer for relief is that the said agreement of October 22, 1887, be declared in all respects null and void as against the plaintiff. The averments of the complaint, as already set forth, suffice to show the existence of an interest on the part of the New York and Staten Island Brewing Company and the signing creditors, in opposition to any judicial action which might invalidate the agreement even as to a third party, like the present plaintiff; and we do not see how the court could properly adjudicate that this corporation and these creditors entered into the agreement knowing it to be fraudulent, as the complaint charges that they did, without affording them an opportunity to be heard on that subject. They are parties to the agreement and they must be parties to any suit in which the agreement is annulled.

A different question would be presented if the plaintiff had made no reference in his complaint to the agreement; but had attacked only the subsequent transfers and conveyances.

It was the opinion of the learned judge at Special Term that the creditors were sufficiently represented by the Farmers' Loan and Trust Company, which has been made a defendant. That corporation, however, is not a trustee for these creditors as to any rights which they have acquired directly under the agreement; nor does it appear to have been in any sense the representative of the creditors in entering into the agreement. It is merely their trustee under the subsequent mortgage, and this relation does not make it an adequate representative of the creditors in an action to set the agreement aside.

The interlocutory judgment should be reversed, with costs, but with leave to the plaintiff to amend the summons and complaint upon the payment of such costs.

BARRETT, J., concurred; VAN BRUNT, P. J., concurred in result.

Judgment reversed and demurrer sustained, with costs, and with leave to the plaintiff to bring in other defendants, if so advised, and to amend summons and complaint upon paying costs of the court below and of the appeal.