THE FIRST NATIONAL BANK OF AMSTERDAM, Respondent, *v.* ELIZABETH N. SHULER, Impleaded, etc., Appellant.

1. PARTIES — DEATH OF DEFENDANT DEBTOR PENDING CREDITOR'S ACTION — FAILURE TO BRING IN PERSONAL REPRESENTATIVE. When, pending a creditor's action to set aside, for fraud, a general assignment in trust for the benefit of creditors and certain specific absolute transfers, the defendant assignor and vendor dies, the action cannot legally proceed to judgment without bringing in his personal representative as a party; and this is not accomplished by the service of a supplemental complaint alleging the death of the defendant assignor and vendor and the appointment of the defendant vendee as his executor, without further proceedings making the defendant vendee a party in his representative capacity.

2. EQUITABLE LIEN, *It seems*, that in a creditor's action, brought after return of execution unsatisfied, the plaintiff acquires no equitable lien upon the tangible assets of the judgment debtor subject to execution, as against the executor and creditors of the estate of the debtor who has died pending the action and before the appointment of a receiver.

3. INDIVIDUAL AND REPRESENTATIVE CAPACITY. The test, by which to determine when an action is deemed to be brought in favor of or against a party as an individual, and when in favor of or against him in a representative capacity, considered.

*First Nat. Bank* v. *Shuler*, 89 Hun, 303, reversed.

(Argued April 20, 1897; decided June 8, 1897.)

APPEAL from a judgment of the General Term of the Supreme Court in the third judicial department, entered September 11, 1895, which affirmed a judgment in favor of the plaintiff entered upon the report of a referee, with a

notice of intention to bring up for review an interlocutory judgment.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Albert C. Tennant* for appellant.　The interlocutory judgment was erroneous and should be reversed so far as it appoints a receiver of the real and personal property of the original defendant, Isaac C. Shuler, and directs defendants Elizabeth N. Shuler and Hicks B. Waldron, the assignee, to deliver and pay over to such receiver the property, assets and moneys or the proceeds thereof, conveyed by Isaac C. Shuler in his lifetime, in fraud of creditors, and in that it does not direct that all the personal property be paid over and held by the defendant Elizabeth N. Shuler, as executrix, etc., of Isaac C. Shuler, deceased, to be administered upon by her as such executrix.　( *Willis·* v. *Sharp*, 113 N. Y. 586; *Davenport* v. *Kelly*, 42 N. Y. 193; *Knower* v. *C. Nat. Bank*, 124 N. Y. 552; *Kitchen* v. *Lowery*, 127 N. Y. 53, 60; 2 Beach on Mod. Eq. Juris. § 927; *Lichtenberg* v. *Herdtfelder*, 103 N. Y. 302; *Harvey* v. *McDonnell*, 113 N. Y. 526; *N. T. Bank* v. *Wetmore*, 124 N. Y. 241; *Patterson* v. *Copeland*, 52 How. Pr. 46; *Beers* v. *Shannon*, 73 N. Y. 292; *Stilwell* v. *Carpenter*, 2 Abb. [N. C.] 238; 62 N. Y. 639.)　The final judgment was erroneous, and should be reversed or modified by reversing those portions based upon findings and conclusions to which exceptions were taken.　(*In re Durscheidt*, 65 Hun, 136; *In re Frazer*, 92 N. Y. 239, 246; *Kelly* v. *Moore*, 18 Abb. [N. C.] 468.)

*Z. S. Westbrook* for respondent.　The plaintiff obtained a lien on the personal property and assets of Isaac C. Shuler by commencement of its suit.　(*Brown* v. *Nichols*, 42 N. Y. 26; *Clark* v. *Brockway*, 3 Keyes, 13; *Matter of Clover*, 8 App. Div. 556; *Becker* v. *Torrance*, 31 N. Y. 631; *Storm* v. *Waddell*, 2 Sandf. Ch. 494; *Jeffres* v. *Cochrane*, 47 Barb. 557; 48 N. Y. 671; Code Civ. Pro. §§ 1871–1879; *Davenport* v. *Kelly*, 42 N. Y. 198.)　The appellant had and has no

valid claim to any of the assets by reason of her being executrix of the will of her deceased husband, the fraudulent assignor. She was a party defendant in her representative as well as her individual capacity, and made no defense or claim to any of the property as executrix. (*Patterson* v. *Copeland*, 52 How. Pr. 460; *Beers* v. *Shannon*, 73 N. Y. 297; *Stilwell* v. *Carpenter*, 62 N. Y. 639; *Landon* v. *Townshend*, 112 N. Y. 93.) The appellant had no valid offset against the amount of securities and property fraudulently transferred to her. She was a trustee *ex maleficio* for the benefit of her husband's creditors and was bound to account as such. (*J. G. Co.* v. *Maheady*, 38 Hun, 297; *Dewey* v. *Moyer*, 72 N. Y. 70; *Davis* v. *Leopold*, 87 N. Y. 620–622; *U. Nat. Bank* v. *Warner*, 12 Hun, 306; *Wood* v. *Hunt*, 38 Barb. 302; *Clark* v. *Brockway*, 3 Keyes, 13; *Solomon* v. *Moral*, 53 How. Pr. 342; *Brown* v. *Townsend*, 28 N. Y. S. R. 734; *Loos* v. *Wilkinson*, 113 N. Y. 485; 110 N. Y. 195.) The referee, on the accounting, could not re-try the issues and was bound by the findings on the issues and the judgment thereon. (*McCrackan* v. *Valentine's Exrs.*, 9 N. Y. 42; *Earle* v. *Earle*, 93 N. Y. 104; *Spitz* v. *Tousey*, 14 N. Y. S. R. 871, 872.) The form of the direction for the recovery of the amount reported due from Mrs. Shuler to be entered and enforced in the name of the receiver was proper. (*Myers* v. *Becker*, 95 N. Y. 486, 492, 493; *J. G. Co.* v. *Maheady*, 38 Hun, 297; *Geery* v. *Geery*, 63 N. Y. 252.) The court will grant judgment consistent with the case made if sustained by the evidence irrespective of the relief demanded. (*Bell* v. *Merrifield*, 109 N. Y. 202; *Donovan* v. *Sheridan*, 5 J. & S. 256; *Hale* v. *Omaha N. Bank*, 49 N. Y. 626; *Springer* v. *Dwyer*, 50 N. Y. 19.)

ANDREWS, Ch. J.    We think the proceedings and judgment in this case are fatally defective for the omission of the plaintiff to bring in and make the defendant Elizabeth N. Shuler a party defendant in the action, in her capacity as executrix of the original defendant, Isaac C. Shuler. The action was in

the nature of a creditor's bill, instituted by the plaintiff as a judgment creditor of Isaac C. Shuler before his death, and after the issuing and return of an execution against his property unsatisfied, to set aside a general assignment for the benefit of creditors, made by the judgment debtor to one Waldron on the 19th day of November, 1889, and also to set aside certain transfers of property made by him to the defendant Elizabeth N. Shuler prior to the making of his general assignment, on the ground that such assignment and transfers were in fraud of his creditors. The debtor, Isaac C. Shuler, Waldron, his general assignee, and Elizabeth N. Shuler and others were joined as defendants in the action. The defendants named answered the complaint, and in their answers denied the alleged fraud. After issue joined, the defendant Isaac C. Shuler died. Subsequently the plaintiff upon an affidavit stating the death of Isaac C. Shuler, that he left a will appointing the defendant Elizabeth N. Shuler his executrix, and making her his sole legatee and devisee, that the will had been duly proved and that the executrix had qualified, applied to the court for an order permitting the plaintiff to serve a supplemental complaint alleging the facts stated in the affidavit. Notice of the application was given to the surviving defendants and the motion was granted, the defendant Elizabeth N. Shuler not appearing thereon. The supplemental complaint was served on the defendants. It simply averred the death of Isaac C. Shuler; the making of the will; the appointment of the defendant Elizabeth N. Shuler as executrix; that she was the sole legatee and devisee under the will, its proof and her assumption of the office of executrix. In other respects it left the averments of the original complaint unchanged, as also the demand for relief.

No answer was made to the supplemental complaint and the action went to trial before a referee upon the issues originally framed. There was no allusion in the papers on which the motion for leave to serve a supplemental complaint was made, of an intention to make the executrix a party to the action. No order was made continuing the action against her

as executrix or directing that she be made a party in her representative character. Not only was there no order making the executrix a party, but she was not named as a party in the process, pleadings or judgment. No relief was demanded against her as executrix, and so far as appears her rights as executrix or the rights of the general creditors of the estate were not put in issue or actually litigated on the trial.

The referee found and decided that the general assignment executed by Isaac C. Shuler to Waldron, and certain transfers made by him to his wife, embracing chattels and securities, were fraudulent and void as against the plaintiff, and directed that a receiver be appointed, and a referee to take the account of the property and assets fraudulently assigned or transferred, and that the defendants Waldron and Elizabeth N. Shuler account for and transfer to the receiver to be appointed the property in their hands and the proceeds of the property assigned and transferred to them, and that the same be applied by the receiver to the payment of the plaintiff's judgment. An interlocutory judgment was subsequently entered in conformity with the decision of the referee, and a receiver appointed, and also a referee to take the accounts. The referee stated the accounts, and, on the coming in of his report, application was made in behalf of the plaintiff for final judgment in the action, which was directed. On the application for final judgment a motion was made in behalf of the defendant Elizabeth N. Shuler, individually and as executrix (of which previous notice had been given), to modify the interlocutory judgment by striking out the provision therein appointing a receiver, and the direction that the defendants account for and transfer to him the assigned property and its proceeds, and by inserting a direction that the receiver appointed thereby transfer and deliver to Elizabeth N. Shuler, as executrix, all money or other property in his possession as receiver which had come to his hands under the terms of the interlocutory judgment. The motion also included, as part of the relief demanded, that Elizabeth N. Shuler, as executrix, be made a party defendant in the action. The motion was

wholly denied, and the final judgment was thereupon entered. The defendant Elizabeth N. Shuler filed exceptions to the report of the original referee, and, among other things, excepted to the direction for the appointment of a receiver, and that the defendants account for and transfer to him the property received by them, or either of them, under the assignment and transfer which had been adjudged fraudulent, to be applied in satisfaction of plaintiff's judgment. These facts sufficiently present the question upon which our judgment proceeds.

Isaac C. Shuler was living when the action was commenced, and was made a defendant. The action, as has been stated, was in part to set aside his general assignment for the benefit of creditors, made by Isaac C. Shuler to the defendant Waldron. For the purpose of this relief, Isaac C. Shuler, the assignor, was an indispensable party. By the assignment, he created a trust to dispose of his property in the way and for the purposes disclosed in the instrument. He divested himself by the assignment of the legal title to the assigned property, and it became vested in the assignee as trustee. But, as between himself and the assignee, he had a right to insist that the assignee should perform the trust and devote the assigned property to the payment of his debts, as prescribed in the assignment. The plaintiff brought its action in hostility to the assignment, and sought to annul and defeat it for alleged fraud. The assignor was entitled to insist upon its validity, and to be heard before the property should be taken by the judgment of the court from the possession of his assignee and devoted to the payment of the plaintiff's debts in disregard of the assignment. The assignor was entitled to any surplus which might remain after the purposes of the trust were accomplished, and, although it might appear that there would be no surplus, nevertheless he had the right to contend that his estate should be distributed under the terms of the assignment, and that it was a valid and not a fraudulent instrument. The authorities are decisive in affirming the general rule that, in a creditor's action brought to impeach and set aside a gen-

eral assignment by a debtor of his property for the benefit of creditors, the court will not proceed to judgment in the absence of the debtor as a party defendant, unless by death or other circumstance his joinder, as a defendant, is wholly impracticable. (*Lawrence* v. *Bank of Republic*, 35 N. Y. 320; *Miller* v. *Hall*, 70 id. 250; *Gaylords* v. *Kelshaw*, 1 Wall. [U. S.] 81; Beach Eq. Jur. § 940.)   It has been held in some cases that in a suit brought by a creditor against a fraudulent alienee of the debtor, to set aside a specific transfer for fraud, where the conveyance was absolute and transferred as between the parties an indefeasible title or interest, the fraudulent vendor is not a necessary party.   (*Buffington* v. *Harvey*, 95 U. S. 103; *Campbell* v. *Jones*, 25 Minn. 155; *Potter* v. *Phillips*, 44 Io. 357; see, also, *Fox* v. *Moyer*, 54 N. Y. 130.)   But the relaxation of the rule has never, so far as we can discover, been extended to the case of an assignment in trust for the benefit of creditors, and the principle upon which the exception is founded does not bring the case within its operation. It may apply to the transfers made to Mrs. Shuler, which were absolute and unconditional, and if they were alone sought to be set aside, might have justified the bringing of the action against her alone, without joining the party from whom she derived title.   But Isaac C. Shuler having been a necessary party to the action in respect of the claim to set aside the general assignment, it follows that upon his death, pending the action, it could not legally proceed without bringing in his personal representative as a party.   This was not done. The procuring of the order to serve a supplemental complaint and its service on the defendant Elizabeth N. Shuler did not make her a party to the action in her representative capacity. The supplemental complaint disclosed facts which made it necessary that there should be a substitution of the personal representatives of the deceased defendant in his stead.   But it was not followed by procuring an order for substitution, nor by a substitution by consent.   Where a necessary defendant is not made a party, it is not sufficient even that the court directs such party to be brought in, but it should refuse to

proceed until he is made a party in fact. (*Peyser* v. *Wendt,* 87 N. Y. 322; *Mahr* v. *N. U. F. Ins. Society,* 127 id. 452.) The rule which requires that all persons shall be made parties to an action, whose rights may be affected by the judgment, and without whose presence there cannot be a final and complete determination of the controversy, is not simply a rule of practice or convenience. It has been established in order to give finality to litigation, and in the interest of justice, that the rights of persons shall not be jeoparded or embarrassed by judgments purporting to bind their rights or interests where they have had no opportunity to be heard. A party to an action may by consent or by failure in due time or manner to raise the objection that other persons should have been made parties, conclude himself to his own prejudice. But the court, on its own motion, if necessary, will interfere in behalf of third persons not parties to the litigation whose interests are involved in the issue presented, and by requiring them to be brought in, or by staying proceedings, protect them against an injurious adjudication, and may reverse a judgment when it appears that necessary parties were not before the court, although no objection had been taken in the pleadings or on the trial. (*Osterhoudt* v. *Rigney,* 98 N. Y. 230 ; *Galusha* v. *Galusha,* 138 id. 272 ; *Moulton* v. *Cornish,* 138 id. 133.) The principle previously established by the decisions, that where a complete determination of the controversy cannot be had without the presence of other parties, it is the duty of the court to direct them to be brought in, is now embodied in the statute. (Code Civ. Pro. § 452.)

The fact that the defendant Elizabeth N. Shuler was a party defendant in her individual character does not obviate the objection. She had a separate individual interest in the litigation, which was instituted in part to avoid transfers made to her by the debtor, and it was during his lifetime that she was joined as defendant in the action and answered the complaint. By his death and her appointment as executrix she was invested with a new character as the representative of her husband and his creditors and of his estate. Since the enact-

ment of chap. 314 of the Laws of 1858 an executor or administrator represents creditors as well as the decedent, and is authorized to assert the rights of creditors as against any transfers of property made by the debtor in violation of their rights.    But the executor or administrator may also, acting in good faith and as the representative of the decedent, assert and vindicate the validity of transfers of personal property made by him in his lifetime when assailed by creditors.    There may arise, in respect to the attitude in which the executor or administrator stands to creditors on the one hand and on the other to the decedent and his transactions, embarrassing questions of duty and propriety.    But whether the transfers made by the decedent, sought to be set aside at the instance of creditors after the death of the debtor, are valid or void, the personal representative is entitled to be heard, and his presence as a party is as necessary as that of the debtor if he was still living.

Upon the pleadings and proceedings in this case the defendant Elizabeth N. Shuler was not in a position to assert any defense in her representative character either to insist upon the validity of the transfers, or, if found to be fraudulent, that the plaintiff had acquired no lien upon the tangible property or its proceeds embraced therein, no receiver having been appointed in the action prior to the death of Isaac C. Shuler. By the judgment all the property and proceeds are directed to be applied to the payment of the plaintiff's judgment, although it appears that at least one other judgment of earlier date against the decedent was outstanding and unsatisfied. The statute prescribes the order in which the debts of a decedent shall be paid out of his assets.    It proceeds upon the general equitable principle of equality among creditors.    The rule is well settled in this state that the plaintiff in a creditor's action acquires, by the commencement of the suit, a lien upon the choses in action and equitable assets of the debtor, which entitles him, in the successful event of the action, to priority of payment thereout in preference to other creditors, irrespective of the priority of the respective judgments (*Edmeston* v. *Lyde,* 1 Paige, 637 ; *Corning* v. *White,* 2 id. 567), and this lien is not displaced

or defeated by the death of the debtor before judgment. (*Brown* v. *Nichols*, 42 N. Y. 26.) But in respect of chattels, subject to be taken on execution, the rule seems to be that unless the action is brought in aid of an execution, the mere commencement of the action creates no lien as against other creditors, and if any lien whatever exists, it is so incomplete and imperfect that it is subject to be overreached by a subsequent levy in favor of other creditors, made before the appointment of a receiver. (*Lansing* v. *Easton*, 7 Paige, 364; *Becker* v. *Torrance*, 31 N. Y. 630; *Van Alstyne* v. *Cook*, 25 id. 489; *Davenport* v. *Kelly*, 42 id. 193; *Storms* v. *Waddell*, 2 Sand. Ch. 587.) When a receiver is actually appointed without an intervening levy having been made, the appointment operates as an equitable levy and a sequestration of the chattels for the benefit of the plaintiff. It is the appointment of the receiver which makes the lien effective and gives the plaintiff priority. It is claimed in behalf of the appellant that as no receiver had been appointed prior to the death of Isaac C. Shuler, the statute *eo instanti* on his death prescribed the rule for the distribution of his estate and operated to subject all tangible property transferred by the decedent in fraud of creditors to general administration and displaces any inchoate lien which may have been acquired by the commencement of the action, as effectually as though the property had been levied on by other creditors in the decedent's lifetime. We think there is great force in this contention. But we refer to the question without deciding it, as presenting an independent reason why the defendant Elizabeth N. Shuler was a necessary party to the action in her character as executrix and as trustee of all the creditors of the decedent.

Cases are cited to support the contention that the defendant Elizabeth N. Shuler having been in fact a party to the action in her individual name, should be regarded as a party in her representative character also. The cases mainly are of two classes, those where the cause of action was upon a right accruing to the plaintiff or existing against a

defendant in a representative character which was imperfectly expressed in the title of the action, and cases where there was an unnecessary addition of a representative title to the name of the party, when in fact the cause of action was upon an individual right or obligation. In these cases it has been held that the title and pleadings may be considered together to ascertain the true nature of the action, and the action will be treated as an individual or representative one, as disclosed upon an inspection of the whole record. (*Stilwell* v. *Carpenter*, 2 Abb. [N. C.] 238 ; *S. C.*, 62 N. Y. 639 ; *Beers* v. *Shannon*, 73 id. 292 ; *Litchfield* v. *Flint*, 104 id. 543 ; *Jennings* v. *Wright*, 54 Ga. 537 ; *Waldsmith* v. *Waldsmith*, 2 Ohio, 156 ; *Pennock* v. *Gilleland*, 1 Pitts. Pa. 37.) But a suit against one sued as an individual does not bind him as trustee, and, conversely, judgment against one sued in a representative capacity does not conclude him in a subsequent action brought by, or against, him as an individual, although the same identical issue is involved, and the decision in the first action was upon the merits. (*Rathbone* v. *Hooney*, 58 N. Y. 463 ; *Landon* v. *Townshend*, 112 N. Y. 93 ; *Collins* v. *Hydorn*, 135 N. Y. 320.) In the present case an inspection of the pleadings does not show that the defendant Elizabeth N. Shuler was made a party in her representative capacity, or that her interest as executrix was considered or determined. The conclusion we have reached will necessarily continue this already protracted litigation, and probably without materially changing the result. But to sustain the judgment would establish a dangerous precedent. It is highly important that the scope and effect of judgments should be subject to no uncertainty, and especially that rights affected by representation should not be imperilled by loose procedure or by a judgment which at best leaves it to a doubtful inference whether the rights have been adjudicated.

The judgment should be reversed and a new trial ordered.
All concur.
Judgment reversed.