BIERSCHENK v. KING et ux.

(Supreme Court, Appellate Division, Second Department.    March 7, 1899.)

MECHANICS' LIENS—ENFORCEMENT—PARTIES.

A complaint in an action to foreclose a mechanic's lien executed by a husband alleged that the husband, to fraudulently hinder the collection of his claim, conveyed the premises, and his grantee conveyed them to grantor's wife, and prayed a personal judgment against all parties.  *Held*, that the grantee was not a necessary party, since he devested himself of title by his conveyance, and no personal claim was made against him.

Appeal from special term, Kings county.

Action by Charlotte M. Bierschenk against Thomas B. King and another.    From interlocutory judgments sustaining demurrers to the complaint, complainant appeals.    Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Theodore B. Gates, for appellant.
Henry Cooper, for respondent Mary T. C. King.

GOODRICH, P. J.    The action is brought for the foreclosure of a mechanic's lien against premises formerly owned by the defendant Thomas B. King, and thereafter conveyed by him to one H. C. Bailey, who conveyed them to the defendant Mary T. C. King, the wife of Thomas.    The demurrers raise the question whether Bailey is a necessary party.    The primary object of a suit of this character is to enforce a lien against the premises.    All persons having an interest therein, and only such, are necessary parties.    The complaint alleges that, after the plaintiff's work was performed, the defendants, with the fraudulent intent to embarrass, hinder, and delay the plaintiff in the collection of the money due to her, conveyed the premises to Bailey, and that he on the same day reconveyed them to the wife, and that such conveyances are fraudulent and void as against the plaintiff, and constitute no bar or defense to her lien.    The prayer for judgment is that the plaintiff be adjudged to have a valid lien on the premises, and that the same be sold, and, if it shall be adjudged that the plaintiff has no lien, that she shall have a judgment against the defendants personally.    As the demurrers are to the entire complaint, they cannot be sustained, provided there is any cause of action in the complaint against either of the defendants.    There is such a cause of action as against the husband, even if there is no lien upon

the premises, as the statute in express terms provides that in such an action, if the plaintiff fail to establish a valid lien, he may nevertheless recover a judgment against the parties for such sums as may appear to be due to him, and which he might recover in an action upon a contract against such party.    3 Rev. St. (9th Ed.) p. 2643, § 15.    The Code of Civil Procedure (section 447) provides that any person may be made defendant who has or claims an interest in the controversy adverse to the plaintiff, or who is a necessary party for the complete determination or settlement of a question involved therein.    The question is not whether a person charged with a fraud resulting in injury to the plaintiff, and against whom a judgment is demanded, must be made a party; nor whether such a person could not, on his motion, be made a party to protect himself.    The question is simply whether Bailey has, or claims to have, any interest in the controversy, or in a personal judgment against either of the defendants.    It is clear that as he has devested himself of the title by his conveyance to the wife, and no personal claim is made against him, he cannot be said to have any interest in the premises, and the controversy is solely whether the plaintiff has a lien on them.    The complaint does not specifically allege that Bailey was guilty of fraud in the conveyance to the wife, although it does allege that the conveyances were made without consideration, and are fraudulent and void as against the plaintiff.

The learned justice at special term sustained the demurrers on the authority of Martin v. Walker, 12 Hun, 46, and Bank v. Yuengling, 58 Hun, 474, 12 N. Y. Supp. 762.    As these cases are clearly distinguished in the concurring opinion of Mr. Justice CULLEN, I do not consider it needful to refer to them.

The interlocutory judgments should be reversed, and judgments directed for the plaintiff on the demurrers, with costs, with leave to the defendants to withdraw demurrers and serve answers on payment of the costs of one demurrer and of this appeal.    All concur.

CULLEN, J. (concurring).    This action was brought to foreclose a mechanic's lien, and to declare a conveyance from the defendant Thomas B. King to one Bailey, and from Bailey to the defendant Mary T. C. King, the wife of Thomas, as void as against the plaintiff's lien. The defendants demurred on the ground that Bailey, the conduit from the husband to the wife, was a necessary party to the action.    The special term upheld the demurrer, and from the judgment entered on that decision this appeal is taken.    The learned judge below placed his decision on the ground that a party to an alleged fraudulent conveyance, though he has parted with his interest in the property, is a necessary party in an action to set aside the conveyance as fraudulent, and cited Martin v. Walker, 12 Hun, 46, and Bank v. Yuengling, 58 Hun, 474, 12 N. Y. Supp. 762, as supporting the proposition.    The counsel for the respondents on this appeal justifies the decision of the special term on the analogy between the present action and a judgment creditor's action, respecting which it is claimed it is settled by authority that the judgment debtor must be made a party.    In Martin v. Walker, supra, Judge Daniels did say that the conduit

through whom the fraudulent transfer had been made was a neces-
sary party to the action. His statement was simply a passing com-
ment, wholly obiter, and neither authority nor reason was given.
Bank v. Yuengling, supra, is not in point, for there affirmative relief
was sought against the corporation, which was not made a party to
the action. In a creditors' bill, strictly of that character, a judgment
debtor is a necessary party. Such an action seeks to reach equitable
assets of the debtor not subject to levy on execution and properly
held in trust. Such property is still the property of the judgment
debtor, and, in determining what any third person may have for the
benefit of the debtor, it may well be that his presence in the action
is necessary to show that the accounting or determination shall con-
clude him, as well as the third party holding the fund. But this
rule is not applicable where the only relief is to set aside a fraudulent
conveyance. This was so held by the elder Judge Brown in Spicer
v. Hunter, 14 Abb. Prac. 4. The same doctrine is asserted in Fox
v. Moyer, 54 N. Y. 125. It is true the assertion is obiter, but the rea-
son for the proposition is clearly stated by a most able judge:

"The conveyance was good, as between the parties thereto; and hence no
one had any interest to defend this suit but the defendant, and he was, there-
fore, the only proper party defendant."

While the case, therefore, may not be an authority, the reasoning
of Judge Earl seems unanswerable. The same rule has been held in
the supreme court of the United States. Buffington v. Harvey, 95
U. S. 99, was an action by an assignee in bankruptcy to set aside a
conveyance alleged to have been made by the bankrupt in fraud of
his creditors. It was held that the bankrupt was not a necessary
party to the action. Judge Bradley said:

"The appellant also insists that the original bill was defective for want of
parties,—in not making the bankrupt a party. This objection is not even
made in the bill of review, and was not made in the original cause; and,
if it had been made, in our judgment it would not have been a valid objec-
tion. The bankrupt had no interest to be affected, except what was repre-
sented by his assignee in bankruptcy, who brought the suit. As to the bank-
rupt himself, the conveyance was good. If set aside, it could only benefit
his creditors. He could not gain or lose, whichever way it might be decided."

The latest case on this subject (Bank v. Shuler, 153 N. Y. 163, 47
N. E. 262), while still adhering to the old doctrine of the necessity
of making the judgment debtor a party to a creditors' bill, seems to
recognize the exception to the rule in cases where the plaintiff has
a lien on the property, and seeks only to remove fraudulent obstruc-
tion. In Wait, Fraud. Conv. § 129, there will be found a very full
discussion of this question, and all the authorities are there collated.
We agree with Mr. Wait:

"The best reasoning of the authorities seems to establish the rule that the
debtor's presence as a defendant is superfluous in suits brought against fraud-
ulent alienees to annul specific covinous conveyances."

This is at least equally true of one who has been only an inter-
mediary, and has no present interest in the property. The plaintiff's
suit, so far as the branch of it under discussion is concerned, is simply
an action to set aside a fraudulent obstruction to her lien.