(26 Misc. Rep. 545.)

### VIETOR et al. v. GOODMAN et al.

(Supreme Court, Special Term, New York County. March, 1899.)

CREDITORS' SUIT—DEATH OF JUDGMENT DEBTOR—REVIVAL OF SUIT—PARTIES.
    If a debtor dies pending a suit against him by creditors to set aside transfers of property to his wife, and the wife is appointed administratrix, the court may, under Code Civ. Proc. § 452, which permits the substitution of personal representatives when necessary to the determination of the controversy, substitute the administratrix, though she has an individual interest in the litigation.

Suit by Charles H. Vietor and others against Eli Goodman and others. Heard on motion for a substitution of parties defendant. Motion granted.

A. Blumenstiel, for the motion.
A. W. Evarts, opposed.

GILDERSLEEVE, J. The action is brought to set aside certain transfers made by Eli Goodman to the other defendants. Since commencement of the action Eli Goodman died, and the defendant Sophia Goodman was appointed administratrix of the property of said Eli Goodman. This motion is for an order substituting said Sophia Goodman, as administratrix as aforesaid, in the place of said Eli Goodman, deceased, as a defendant in the action. All the parties to the action consent to such substitution, except said Sophia Goodman. The objection is based on the ground that section 757

·of the Code does not authorize this substitution, as that section
.applies only to cases where there is only one plaintiff or one defend-
.ant, as the case may be. This application, however, is not made
under section 757 of the Code, which merely specifies a certain case
where a substitution is obligatory. There are other cases where
such substitution may be ordered, not specified in that section. This
action is a creditor's action, and Eli Goodman was the judgment
debtor. He died while the action was pending, and the action can-
not legally proceed to judgment without bringing in this personal
representative as a party. See Bank v. Shuler, 153 N. Y. 163, 47 N.
E. 262. The fact that Sophia Goodman is a party defendant in her
individual character does not obviate this necessity. She has a sep-
arate individual interest in the litigation, which was instituted to
avoid transfers made to her by the debtor, and she was a co-defend-
ant with him in this action during his lifetime. See Id., 153 N. Y.
170, 47 N. E. 264. Section 452 of the Code provides that, where a
complete determination of the controversy cannot be had without
the presence of other parties, the court must direct them to be
brought in. The motion must be granted, with $10 costs to plaintiffs
to abide event.

·  Motion granted, with $10 costs to plaintiffs to abide event.