GRANIT v. ABRAMOWITZ et al.

(Supreme Court, Appellate Term. November 24, 1908.)

PARTNERSHIP (§ 205*) — ACTIONS AGAINST—PARTNERS NOT SERVED WITH PRO·CESS.

Where, though the title of an action did not refer to defendants as copartners, the complaint contained the allegation usual in an action against a copartnership, and the articles of copartnership, which were before the court, established that defendants were copartners, and the decision rendered so found, a motion by one of the defendants, who was not served, to vacate the judgment as to him, was properly denied.

[Ed. Note.—For other cases, see Partnership, Cent. Dig. § 377; Dec. Dig. § 205.*]

MacLean, J., dissenting.

Appeal from City Court of New York.

Action by Jacob Granit against Louis Abramowitz and Samuel Sherlip. Judgment for plaintiff, and from an order denying a motion to vacate the judgment as to him, defendant Sherlip appeals. Affirmed.

Argued before GILDERSLEEVE, P. J., and MacLEAN, and SEABURY, JJ.

Mellen & Woodbridge, for appellant.
Manheim & Manheim, for respondent.

SEABURY, J. It seems to me that the motion to vacate the judgment was properly denied. While the title of the action does not refer to the defendants as copartners, the complaint contains the allegation usual in an action against a copartnership. The decision rendered in the action finds as a fact that the defendants were copartners. The articles of copartnership, which are before the court, established beyond all question that the defendants were copartners.

The order appealed from should be affirmed, with $10 costs and disbursements.

GILDERSLEEVE, P. J., concurs.

MacLEAN, J. (dissenting). It is undisputed herein that copies of the summons and complaint in this action were served upon the defendant Abramowitz within the jurisdiction of the court below; but his codefendant, Sherlip, a nonresident, was not served. Were the action against a copartnership, it would be immaterial whether the attorney, who appeared and answered for both defendants, was or was not authorized so to do, because judgment was taken by default, whether with or without appearance of no substantial moment; for

personal service on each defendant was not essential to give the court jurisdiction, provided the liability was a partnership liability. Teller v. Gerry, 30 Misc. Rep. 126, 61 N. Y. Supp. 864. The title of the action, both in summons and complaint, does not indicate an action against the defendants as a copartnership, and, while it has been held in certain cases "that the title and pleadings may be considered together to ascertain the true nature of the action" (First Nat. Bank v. Shuler, 153 N. Y. 163, 173, 47 N. E. 262, 265, 60 Am. St. Rep. 601), reference to the pleadings discloses no action against a partnership; the statement in the complaint that the defendants "then were and still.are copartners" being no more than description, and closing with a demand for judgment "against the defendants." See Bennett v. Whitney, 94 N. Y. 302. The action appearing to be one against joint debtors, "service of summons on one authorizes judgment against all, which may be enforced by execution against the joint property, although the other defendants are not served, and do not appear in the action" (Yerkes v. McFadden, 141 N. Y. 136, 138, 36 N. E. 78), and such judgment appears to have been entered herein.

However, under the circumstances herein disclosed and the original application in the alternative to open the default, the order appealed from should be reversed, without costs, and the default should be opened upon terms to be imposed by the court below.