Mr.,‘Justice .Washington
 

 delivered- the opinion of the Courts—
 

 • This cause comes from the Circuit Court of the District of Columbia, for the county of Washington. The appellant filed
 
 *142
 
 bis bill in that Court, against Washington Boyd; setting forth, that on the 19t'i of March 1817, the said Boyd, as trustee under a deed of Charles Minilie to him, entered into a contract tvitb the plaintiff, for the sale of sundry lots in the city of Washington,'at the price of 83,500, payable in 6, 12 and 18 months; for which, including the interest, and amounting in the whole to 5,815 dollars, he. then gave his note to Boyd, who acknowledged the receipt thereof by an instrument under his hand; and thereby agreed, that on the payment of the note, he would convey to the plaintiff the said lots, which had been previously sold at public auction, two of them to Elliot, as agent for the plaintiff', and the others to Francis Jameson, ■‘William Prout, and Z; Walker. Tliat, although the title, to these lots which had been sold to Jameson, Prout, and Walker, had not been released from their claims, the defendant, Boyd, had nevertheless recovered a judgment against the plaintiff for the amount of his note before mentioned, upon which he threatened to sue out an execution. The prayer of this bill was for an injunction, and a conveyance of the lots with a clear title.
 

 The plaintiff afterwards Filed an amended bill setting forth the original negotiation's between the plaintiff’ and Boyd, in March 1816, for the purchase of the above lots, which resulted in a contract, by which the plaintiff was to be considered as the purchaser of them, at the price of 3,500 dollars, payable with interest, in 6, 12 and 18 months. That the defendant had nevertheless thought proper to expose the said lots to sale at public auction, some time in April 1816, and had caused Elliot, the plaintiff’s agent, to be set down as the. purchaser of two of the lots only, at the priceof 3,500 dollars, although neither Elliot nor the plaintiff was present; and that the remaining seven lots were struck oft', three of them to Jameson at 159 dollars,, one to Prout at 45 dollars 15 cents, and the remaining three to Walker, at 264 dollars 90 cents, making in the. whole, the sum, of 4,019 dollars 5 cents.
 

 That matters remained in this situation until the 19th of March 1817, when the written contract mentioned iivthe original bill was entered into.
 

 The bill then sets forth the judgment obtained by Boyd against the plaintiff, upon his note for the. purchase money of the lots, and the deposit by the latter with the former oí' certain securities as collateral security for the debt, in consideration of a suspension of the execution until some úme in December 1819, It farther charges, that the plaintiff was ignorant of the tille and authority of tlm defendant to dispose of the above property, until within a few days preceding the filing of this amended bill; when, upon examining the land records of the county, he found the deed of trust from Charles Minific and one James EneJI and
 
 *143
 
 Farrell, to the said- Boyd, conveying' the above lots to him in trust,- to dispose of the same at
 
 public sale,
 
 on 6,' 12 and' 18 months credit, and to-apply the proceeds'to the payment of thedebts of the said Minifie, and to hold what might remain after such payments, subject to the décree of the Circuit-Court of the said district and county, in the suit brought by the wife, of said Minifie for alimony; and the balance, if any, to be paid over to said Minifie. ■ The bill then concludes, by charging that the contract made by the plaintiff-, with the defend ant, for the purchase of the said lots, is void, because it was made in contravenlion of an injunction'obtained by Mrs. Minifie, -and because-the purchase, by the plaintiff, was made at private, and not at public sale; that the title is likewise defective for the same reasons, and. because the property is subject to the claim of Mrs. Minifie for alimony and for dower, and.is not released from.the claims of Prout, Jameson, and Walker, to the seven lots sold to them.' The prayer of this bill is,- that the contract may be declared void.; that the judgment upoii the plaintiff’s note may be perpetually enjoined; and that the pledged securities may be restored .to the plaintiff.
 

 The injunction asked for, was granted, till -further, order.A petition was filed in the same Court, by William -Prout and' Others, creditors of Charles■ Minifie, setting forth'the death of-Washington Boyd, leaving. Eleanor, the wife of Nicolas' L. Queen, his heir at law; and praying that another trustee might be appointed to complete the execution, of the trusts of -the. deed from Minifie to Boyd. To-this-petition, Queeñ and his. wife appeared and filed an -answer, admitting the. truth of the' allegations in the petition, that the said Eleanor is the heir at law of Boyd; and submitting to.such decree as' tl)e Court might think proper to make.
 

 That cause being set .for,hearing on the petitionand answer, the Court, on the 21st January.-1823, -made a decree by which Richard Wallack was- appointed trustee in -the place of Washington Boyd, deceased, upon his giving bond and security ; with authority- to complete the trusts left unexecuted by Boyd, ac, cording, to. the provisions of the trust deed; and to recover and' collect the purchase money for; such of the trust property as had.been sold by Boyd; and upon the payment thereof, to.convey said property by a good and---sufficient deed, in feb, to the ' purchasers-thereof, and to bring the said proceeds of sale into the Court, to be .distributed -as the said Court- might direct, according to the deed, óf trust A bond was accordingly- executed by Wallack, approved by one of.the .Judges of the Court, and filed amongst the proceedings in that cause; a transcript of which proceedings was made'an exhibit- in this cause; on the, same day, the above decree was passed, the Court decreed, in
 
 *144
 
 this cause, that the plaintiff should, on or before a certain day, proceed in'the samé* by making the heirs of Washington Boyd defendants; as also such other persons as mightbe necessary to enable the Court ..to decreé therein; otherwise that the bill of the plaintiff should be dismissed.
 

 In Máy-1824, the plaintiff filed a bill of' revivor against N. L. Queen and Eleanor his wife, heir at law of Washington Boyd, arid Richard Wallaek, administrator of the said Boyd; to which bill .Queen' arid wife appeared,- and ’by"consent' of parties, the answer'filed by, them to the petition of -Prout and others, was received as an-answer to the bill of revivor, and the original suit, was agreed- to stand revived;
 

 ■’ The .cause was then set for-hearing on the bills, answer and exhibits,,and. all the proceedings in this cause, .and also in the petition of Prout and. others before mentioned; whereupon the Court decreed that Richard. Wallaek, the trustee appointed by the order of the 21st .of January 1823, should‘execute a good arid sufficient deed .to the plaintiff, for the property sold to him by .Boyd,-.the former, trustee, according-to the' terms of that sale, to be approved by one of the Judges of the Court; to be filed with the clerk; and to. be delivered-to the plaintiff, upon the payment'of .the purchásé money; that he should also obtain and file with the clerk, a sufficient deed of release, by Zachariah Walker, to be approved as. aforesaid, to the plaintiff, releasing all title arid claim 'to. any and every part of the property-of •Charles ;Miriifie, sold by Boyd as his trustee; and that upon - the said deeds being executed, approved, and filed, as aforesaid, the injunction granted in- this cause should be dissolved, and the trustee be authorized to ■ proceed to levy arid collect the ampuirit of the, jhclgment for the purchase money, as mentioned In. the bfll. The decree then proceeds to dismiss the .bill, with costs; and that before próceeding to collect the said purchase money, a good arid sufficient bond should be- executed, in the penalty of 500 dollars, by any one or more of the creditors, with security, to bé approved by one of the Judges of the Court,, with condition to indemnify the plaintiff, his heirs and assigns, from ail claim arid demand of.JFrancis Jameson, his; heirs and assigns,, to any part of the lots or property, mentioned in the deed of the .saidf Wallaek to Greenleaf; which might have been purchased -by the said Jameson, at the sale, of Washington Boyd; and filed- with the clerk of the Court. - From this decree, the plaintiff appealed to this Court. A ,deed by Richard Wal-láck to James fireenleaf,, bearing date the-2d of August 1825, a .bond of indemnity executed by Jonathan and William Prout, arid a-deed’of. release by Z¿ Walker, as directed by .the aforesaid-decree, dated the 3d and, fth of February 1825, were exé-’enied, approved, and filed with the clerk of the Court, in con
 
 *145
 
 formity with the decree, and form parts of-the record brought up by this appeal.
 

 The first objection made by the.appellant’s counsel to the decree of the Court below, is, that the contract between the appellant and Washington Boyd, forthe saleof the lots'mentioned in the bill, was void, for want of- authority ih the latter, to dispose of the property in-any other mode, than1 at public auction. Such, it must be-acknowledged, is the mode prescribed by the deed of trust} nor can it be questioned, but that the trustee was bound to conform to this, as well as to the oither requisitions of tha.deed, under which he professed to. act. This was the test of'yalue, which the grantor thought proper tore-quire; and it was not competent to the trustee to establish any other, although by doing so, he might, in-reality, promote the interest of those for whom he acted.
 

 But what are the facts in the present case?
 

 The nine lots, which formed the subject of the correspondence between the appellant and the trustee, in March 1816, -and of the written contract, on the 19th of ,March 1817"; were actually advertised, as directed by the deed. of.trust; were set up for sale, as the amended bill alleges, at public auction, in April 1816, and were' sold for the sum of 4019 dollars 5. cents. Two of them were set down to S. Elliot, the agent of the appellant, at the price of 3500, dollars; and' the other seven were struck pff to Jameson, Prout, and Walker, for'the remaining sum of, 519 dollars '5 cents.
 

 It is not even charged in the- bill, much less is there any proof in the cause, to warrant a ■ suspicion that the sale was not fairly conducted; or that any person bid for the two lots set down to Elliot, more than the s.um at which they were charged tó him.
 

 In making the sale in that mode, no deception was practised upon the appellant; since he was informed, by Elliot’s letter to him, of the 16th of March 1816, that Mr.-Boyd had further postponed the sale of Minifie’s property, and would consider him, Greenleaf, as the purchaser for 8500 dollars. The writer adds “ I have stipulated, that the whole property shall Be included.. It is necessary, to go through the forms prescribed by the decree;” meaning, no doubt, if the letter, be truly-transcribed into the record, the trust deed. But, on the 19th of March 1817, when the contract was-finally reduced to writing,the appellant was,distinctly apprized, that the whole of the lots had been sold' at public sale, at six, twelve, and eighteen months; - and he was then satisfied to give his note for the stipulated sum agreed • to be paid for' the nine lots, upon the engagement of Boyd, to make a • deed for the- same t.o Samuel Elliot. Upon what plausible ground, then, can the appellant
 
 *146
 
 now insist, that the lots were not. sold at'public auction, and, on that ground, to seek to be relieved against the payment of his note, given for the purchase money, thus agreed to be paid, for the property? The argument urged by his counsel, that tlie contract is void, because the lots were sold to the appel-lanffór a less sum than that at which they were struck off to the purchasers, at the public sale, cannot, for a moment, be maintained; since, whatever might be the liability of the trustee' to the
 
 cesluy que trust,
 
 to pay the difference between those -sums, it is surely not an objection, in the mouth of the appellant, sufficient to release him from his contract.
 

 But, were it to be admitted,: that Boyd acted in derogation c>f his \rust, in selling the property to the appellant for a less sum than he actually- sold it for ht public auction, and that on that account, the title of tlie appellant might be impeached; thay not the objéction- be removed by the agreement of the parties, beneficially interested- in the property under the deed of tyust, ’to confirm the sale; or, by their acts, tending to pro-’ duce the same result ? Of this we. apprehend there cannot exist a doubt. Now, who are the parties for whose benefit this trust was created ? They are the creditors of Charles Minifie, in the first instance ;" and after they are satisfied, Mrs. Minifie, to the extent of the sum which might be decreed to her for alimony; and then Charles Minifié, as.to any balance which might remain. But it appears from • the exhibits filed in the cause, that the amount of the debt due by. Minifies and for which judgments were obtained against him; exceeded considerably the sum at which these lots sold at public auction, independent of - the interest due upon those debts, and the.costs of thfe different suits in which the judgments were entered. The only persons, then, who are beneficially interested in the property conveyed by the deed of trust, are the creditors of Charles Minifie, who. have united in a suit, against the heir at law of Boyd, for the purpose of having a new trustee appointed to carry into execution the sale made of the property'by: the former trustee, under the deed of trust;, and they are,, as. the bill charges, the active parties- in enforcing the payment of the purchase money; after these solemn acts, done in affirmance of- the .sale made' to the plaintiff, the creditors would never be. permitted; by a,Court of Equity,, to; impeach it; nor can-thfe. alleged breach of trust be urged - by the appellant, as a reason for annulling the contract, or excusing him from the payment' of the purchase money.
 

 . The,next objection made by .the appellant’s counsel to the-decree .of the Court below,' is, that the title of -the property, which it'directs to .be conveyed to--the appellant, is defective; being, encumbered with the claim of Francis. Jameson to three'
 
 *147
 
 of the lots, and with the right of dower of Mrs. Minifie in the whole of the property.
 

 It is very manifest, that the title of Jameson, if any he has, is merely nominal. The salé to him was made in 1816, upon six, twelve, and eighteen months credit; and, by the terms of the sale, he was required to give his note for the purchase money, with an approved endorser, negotiable at one of the banks in this district. The' bill does not charge, nor is it even alleged at the bar, that a note was given by Jameson for the pur-, chase money, bid for these lots; not one cent of it has been paid by him, or even demanded; or that, from, the year 1816, when the sale was made, to the present moment, a claim to the property has been asserted, or intimated, by this person. But, it does appear, by the testimony of a witness examined in.the cause, that the plaintiff, Greenleaf, has been in. possession of the whole of the property, from the time that he purchased it; and that Jameson had, upon the application of Boyd to relinquish his claim to the property, consented to do so.
 

 Upon this state of facts, this Court can feel no hesitation in saying, that Jameson had not such an equitable title to the lots purchased by him, as a Court of Equity, would enforce against the trustee of Minifie, or against the plaintiff. Whether that Court, would require a title like this to be released, in a case where a trustee was a party plaintiff, asking for a specific exe cution of the contract, need not be decided in this case. But we are clearly of opinion, that the want of such a release cannot.be urged by the vendee; as a cause for rescinding the contract.
 

 The objection founded on the right of dower of Mrs. Mi-nifie, is quite as untenable as the one that has just been disposed of. The plaintiff, when he made the purchase of this property, was apprized that he was dealing with a trustee— and knew, or might have known, from the land records of the county in which the property was situated, whether Mrs. Mi-nifie'was a party to the deed of trust; and had, or had not, relinquished her right of dower. He required of the trustee no stipulation in relation to this right — and it may therefore be fairly presumed, that the value of it was taken into considera-' tion, in fixing the amount of the purchase money to be paid for the property. In such a case, as well as in that which we have just disposed of, á Court of Equity will not interpose to relieve the vendee, but will leave him to süch legal remedy as he may be entitled to, in case his title should, at any future, time, be disturbed by these claims.
 

 The Court is, upon thé whole, of opinion, that the objec- • tions to the decree, which have been noticed, are insufficient to warrant a reversal of it. It is, however, exposed to other
 
 *148
 
 objections, which must produce this result, and which now remain to be examined.
 

 ■The first is, that Richard Wallack, the substituted trustee, who is required by the decree, to perform a number of acts, in order to entitle him to levy and to collect the amount of the judgments for the purchase money, and upon the performance of which the injunction is dissolved, was no party to the controversy in the Court below. The suit, it is true, was revived against him in his character of administrator of Washington Boyd,- and also against the heir at law of Boyd; to which mode'of proceeding no objection could be taken, if the decree had been against him in his character of administrator, because, in that character, he claimed under a title derived from the party, by whose death- the abatement of the' suit was causedand was the person designated by law to represent him,. in relation to his personal estates.
 

 But this was not the case in respect to Richard Wallack, as-the Substituted trustee and successor of Boyd. The power, with whieh the. latter was clothed, became vested in Wallack, not by operation of law, but by the appointment of the Court, subsequent to the institution of the suit.. The original suit, which abated by the death of Boyd, became also.defective 'by the termination of'his powers, and the appointment of anew trustee, and could only be prosecuted against him*by way of á supplemental bill, in nature of a bill ,of re.vivor; in which it would be necessary to state, not only the original bill and the ■proceedings thereon, and the death of the former trustee; but the appointment of Wallack as his successor, and his acceptance of the trust; and to require him to appear and answer the charges contained-in the -supplemental and original bills. For any thing appearing upon the face of this record, Wallack is an entire stranger to the trust with which the decree connects, him, and without any power, whatever, to make a valid conveyance. For thére being no supplemental bill, or allegation in any bill that Wallack had been appointed to complete the trust which Boyd had left unexecuted, and to collect the purchase money for the property which that trustee had sold, and that he had accepted such appointment; these facts cannot be considered as- having been established by the proceedings and decree in the suit of the creditors of Minifie, against the heir at law of Boyd. See
 
 Mitf.
 
 33. 63. 70.
 

 The next objection to the-decree is, that after decreeing Wal-lack to perform a number of acts to entitle him .to levy and collect the amount of the judgment against .the- appellant, as before mentioned, it proceeds to dismiss thé bill with costs; thereby- putting the cause out of Court, and rendering the other parts of the depree ineffectual. Should Wallack, for ex
 
 *149
 
 ample, refuse, to execute a. conveyance of the‘property, to..the, plaintiff in the Court below, pursuant to the decfee, thfe nonexistence of tlie suit on which' that decree was 'made, wóúld prevent .any process of contempt frofn issuing againsthiro, for .the purpose, of compelling him to execute, the .decree. ,It is no answer to this objection, that- it appears by the record in this case, that Wallack has- in" fact executed the .decree on. his ' part; since the error complained of is in the decree itself; and not in its execution.
 

 It was insisted by the counsel for the appellees, in anticipa-tion ; of -the above objection,- that .the Court below would .have been warranted' in dismissing the bill, absolutely, .without requiring any thing to be performed by the new trustee, in'consequence of the omission of the plaintiff id that suit to make proper parties.
 

 That a bill may be dismissed, where the plaintiff, when Called upon to make proper parties, refusbs,.or is guilty of unreasonable . delay, in doing so, need not be questioned — but to do so without a demurrer, plea, or answer, pointing out the person .‘or .persons. who the defendants- insist ought, to - be made partied,' is unprecedented, and would-most unquestionably-.be erroneous, although the decree should assign this as the ground of dismission; which is not done in. the.pres.ent case.
 

 The last objection to the decree, which, it is thought necessary to notice,. is, that, the'heir at law of Washington Boyd, deceased, is not'required to release her 'title--to the. proper/-, ty in controversy to the appellant;, a. majority; of this Court being of opinion, that the legal estate, in that' property did hot' pass to Richard'Wallack, .under the decree-of,the 2ist of' January 1823, .before referred tó,but is yet outstanding in the heir at law of Boyd
 

 The decree, of the1 Court below must, for these errors, be reversed, and the cause ,-is- to be remanded.to that Cout-t for further proceedings to.be had.thereon,. in conformity with the' principles beforé stated.;
 

 Decree.
 
 — This cause came on, &Cs on consideration whereof, It, is the opinion of this Court,' that there is error in the said decree, in requiring any act to he perforated by Richard' Wal-lack, before be was made a party to. the said suit, by regular proceedings against him; according to the' course and practice ef a.Court of Chancery, and had'either answered the bill making him such a party, or the same had been taken for confessed, against him; and that the,said'4ecree-is also errdneous,"in-dismissing the bill of the pláintiff in the Courtbelo w; and also, in not decreeing the said Nicholas L.' Queen, and Eleanor' Quqen his wife,'the defendants in, the said suit, to. release to the ap
 
 *150
 
 pellant,. James Greenleaf, all their right and title to the property directed by the said decree to be conveyed to him, by the said Richard Wallack; for which errors, it is now by this Court decreed and ordered, that the said decree be reversed and annulled, and that the cause be remanded to the Court below, tp be there proceeded in, according to law, and in conformity with the principles stated in this decree.