Shaver *v.* Brainard.

[ORANGE GENERAL TERM, September 14, 1858. *S. B. Strong, Emott* and *Brown*, Justices.]

———•◦•———

SHAVER, receiver &c., *vs.* J. BRAINARD and C. J. FLINT.

Where an action, in the nature of a creditor's suit, is brought by a receiver appointed in proceedings supplementary to execution, to set aside as fraudulent a conveyance of real estate, made by the judgment debtor to one of the defendants, and a subsequent conveyance from such grantee, to the other defendant, the judgment debtor is a necessary party.

Whenever it appears that a complete determination of the controversy cannot be had without the presence of other parties, the code makes it the imperative duty of the court to cause the proper parties to be brought in.

And this, although the defect of parties appears upon the face of the complaint, and the defendants fail to demur or to raise the objection in their answer.

THIS is a suit brought by the plaintiff, as receiver of William L. Flint, in the nature of a creditor's bill, to. set aside a conveyance of real estate by William L. Flint to the defendant Jerusha Brainard, and also a conveyance of the same premises by the said Jerusha to the defendant.Currance J. Flint. The complaint set forth a judgment against William L. Flint, in the supreme court, an execution issued thereon, and a return by the sheriff of *nulla bona;* and the plaintiff sought in this suit to set aside the said conveyances, and for a judgment of the court, directing his judgment against William L. Flint to be paid out of the lands. By the judgment rendered at the special term, the court allowed these conveyances to stand as security for $300, and decreed that the lands be sold and that Mrs. Brainard be paid $300, and that the balance be applied to the payment of the plaintiff's judg-

ment. William L. Flint, the judgment debtor, was not made a party defendant; and the defendants neither demurred to the complaint on that ground, nor raised the objection in their answer. Nor did they raise the point, upon the trial, that Flint was a necessary party to the suit. Nor did the respondents raise that objection upon this appeal.

*William Murray, jr.*, for the plaintiff.

*Loomis & Rogers*, for the defendants.

Mason, J. There is no doubt but William L. Flint was a necessary and an indispensable party defendant in this case. The effect of the judgment given by the court below is to set aside his conveyance to Mrs. Brainard, and declare that the deed shall stand as a mortgage to Mrs. Brainard for $300, and that the land shall be sold as his (Flint's) land; and after paying Mrs. Brainard's $300, that the balance of the avails shall be applied to the payment of the plaintiff's judgment against Flint. Now, this judgment has been rendered, setting aside Flint's conveyance to Mrs. B., and ordering Flint's property to be sold, and $300 of the avails paid to Mrs. B., and the balance upon the plaintiff's judgment, without Flint being a party to the suit, or having any notice of the proceedings, or having his day in court to show cause against it. *Non constat*, had he been summoned he would have showed this judgment paid; and perhaps, at least, he would have been able to show a good reason to the court why his conveyance to Mrs. B. should not be set aside. The amendment of the 122d section of the code by the legislature, in 1851, seems to make it imperative on the court to compel the proper parties to be brought in. That section, as amended in 1851, reads as follows: "The court may determine any controversy between the parties before it, when it can be done without prejudice to the rights of others, or by saving their rights; but when a complete determination of the controversy

Shaver *v.* Brainard.

cannot be had without the presence of other parties, the court must cause them to be brought in." (*Code*, § 122.) The code, as originally passed, was that "*the court may order them to be brought in.*" (*Code*, 1848, § 102.) This substitution of the word "*must*" for "*may*" is very important, and seems to leave no discretion in the court, where the issues in the cause cannot be determined without prejudice to the rights of others, or when their rights cannot be reserved or saved, as in the present case. (*Whittaker's Pr.* 81, 2d ed.)

It is no answer to this objection to say that this defect of parties appeared on the face of the complaint, and the defendants did not demur, nor did they raise any objection in their answer, for this omission to make Flint a party. These defendants may be said to have waived every objection by not making it as the code prescribes, except where there is a necessary and indispensable party wanting, and whose rights must be prejudiced by the judgment, and cannot be saved; and in every such case they cannot waive the defect of parties. (*Van Santvoord's Pl.* 134, 672, 673. 4 *Paige,* 75. 7 *Barb.* 221. 1 *Peters,* 138, 139.)

The plaintiff is not satisfied with the judgment which he obtained, and has appealed to this court, and now claims and insists that this judgment should be reversed, and the deed set aside entirely, as fraudulent. I think we should reverse the judgment entirely, without reviewing the merits of the case, for the reason that it sets aside Flint's deed, and orders property which it declares to be his to be sold to pay this judgment, without any notice to him, and without his being made a party to the suit. I think the judgment should be reversed, and leave given to the plaintiff to amend his summons and complaint within twenty days, without costs, by bringing in the said William L. Flint as defendant, and by serving him with process.

BALCOM, J. Hubbard Niles recovered a judgment in this court against William L. Flint for $264.66, in an action

arising on contract. · An execution in due form was issued thereon to the sheriff of Delaware county, which he returned unsatisfied. Niles thereupon instituted proceedings on the judgment, supplementary to the execution, and procured the appointment of the plaintiff as receiver of the goods and chattels of said Flint. The plaintiff, as such receiver, brought this action to have two deeds set aside, as fraudulent and void as against his judgment; one of which deeds was executed by William L. Flint to the defendant Jerusha Brainard, and the other was executed by Jerusha Brainard to the defendant Currance J. Flint; and both deeds purported to convey the title in fee to four acres of land situated in the town of Sidney in the county of Delaware.

The evidence in the case was taken before a referee; and the cause was brought to a hearing thereon at a special term of this court, held in the county of Delaware, in January, 1858, when a judgment was given, declaring that the deed from Jerusha Brainard to Currance J. Flint should stand as · security to the latter for the sum of $300; but that the land described in the deeds be sold by the sheriff of Delaware county, and that he pay Currance J. Flint the said sum of $300 out of the proceeds of the sale; and that after paying a prior lien of $62, he apply the residue of such proceeds to the satisfaction of the judgment in favor of Niles.

The plaintiff has appealed from the judgment to the general term of this court. And he insists that the judgment should be reversed, and·that the two deeds to the defendants should be declared fraudulent, and wholly inoperative as against the judgment in favor of Niles against William L. Flint.

We ought not to determine, as the case now stands, whether the judgment should be reversed, (on the ground that it is against the weight of evidence,) or whether the deed to Currance J. Flint should be permitted to stand, in the nature of a mortgage upon the land in dispute, as security to her for the sum of $300, within the principle settled in *Boyd* v. *Dunlap*, (1 *John. Ch. R.* 478;) and *Dunn* v. *Chambers*, (4 *Barb.*

376;) for the reason that the judgment must be set aside for a defect of parties defendant.

The complaint shows that William L. Flint had the actual possession of the land in dispute, at the time the action was commenced; also, that he was the grantor in the deed of the same to the defendant Jerusha Brainard, and the husband of the defendant Currance J. Flint. These allegations in the complaint are not controverted by the answer; and they are established by the evidence. It was also proved that William L. Flint continued to occupy the land up to the time the evidence was taken.

The omission of the defendants to object, by demurrer or answer, that William L. Flint should have been made a defendant in the action prevents them from now taking that .objection. They are deemed to have waived it. (*Code*, §§ 147, 148.)

The blame rests upon the plaintiff, for not joining William L. Flint as a defendant. He was a necessary party to the action. But the point that he should have been made a party, has not been taken by the counsel for either party on the appeal; and the case does not show that it had been made at any previous stage of the action, or that it was considered by the judge who pronounced the judgment at the special term.

The legislature has declared that " when a complete determination of the controversy cannot be had without the presence of other parties, *the court* must cause them to be brought in." (*Code*, § 122.) The judgment already rendered in the action does not bind William L. Flint; and we cannot give one that will bind him, or be any evidence against him, unless he is made a party to the action before we pronounce it. He could not be turned out of possession of the land by a purchaser under any judgment in this action, as it is now situated, as to parties, without bringing an action against him, and proving that the two deeds above mentioned are fraudulent and void, and that he has no right to retain possession of the land as against such a purchaser; and in such an action the

defendants herein would be necessary parties. The whole controversy in this action would have to be litigated over again in such an action by the purchaser, if he could obtain a standing in court by his purchase, to litigate the same. It is therefore very plain that a complete determination of the controversy concerning the land in dispute cannot be had in this action without the presence of William L. Flint as a party. And I think it is the imperative duty of the court to set aside the judgment rendered at the special term and require the plaintiff to make Flint a defendant, before taking any further steps in the action. (*See Davis* v. *The Mayor &c. of New York,* 2 *Duer,* 663.) He should have been brought in as a party, before the judgment was rendered at the special term ; but it is not too late to require the plaintiff to make him a defendant at this stage of the action. (*See* 3 *Duer,* 121 ; *Code,* § 122.)

The judgment of the special term should be reversed, and the order of reference in the action vacated ; and the plaintiff should be directed to make William L. Flint a defendant, before taking any further proceedings in the action. But I think no costs should be recovered by either party against the other, for any proceeding subsequent to the joining of the issue in the action—whichever way the cause may be decided after Flint shall have been brought in as a party.

CAMPBELL, J. concurred.

Judgment accordingly.

[TIOGA GENERAL TERM, January 4, 1859. *Mason, Balcom* and *Campbell,* Justices.]