THE PEOPLE ex rel. RICHARD WATKINS et al., Appellants,
*v.* HENRY C. PERLEY et al., Respondents.

In an action in the nature of a *quo warranto*, as between the relator and
the defendant, the burden is upon the former to make out a better title
to the office than that of the latter; while, as between the people and
the defendant, the latter may be called upon to show that his possession
of the office is lawful. The production of a certificate of election from
the proper officer is however sufficient.
Where a statute prohibits those voting at an election to vote for more than
two of three officers to be elected, ballots cast in pursuance of the act
are not invalidated by its unconstitutionality; the fact that the electors
exercised in part only their privilege or duty of voting, does not affect
the votes actually given.

(Argued January 21, 1880; decided February 3, 1880.)

THIS was an action in the nature of a *quo warranto*, to try the title to the office of alderman from the eighth senate district in the city of New York.

It appeared by the pleadings and the admissions of the parties that there were three aldermen to be elected in said district, at an election held in that city November 5, 1878, the three relators ran upon the same ticket and received about 1,625 votes, while the defendants received 20,000 upon ballots containing but two names for aldermen, and received the certificate of election. The ground upon which the relators claimed defendants were not legally elected was, that the act under which the election was held (chap. 335, Laws of 1873), provided (§ 4) that no one should vote for more than two aldermen, and was to that extent unconstitutional, and that, therefore, votes containing only two names were illegal. It was not claimed that the residue of the act was unconstitutional. *Held*, untenable; that if the voters might have voted for three, and by voting for two only exercised in part their privilege or duty of voting, this did not affect the legality of the votes cast; and so that the question of the constitutionality of the act was not presented.

Also, *held*, that although, as against the people, the defendants might have been called upon to show that their possession of the office was lawful, a production of the certificate of election would have been a sufficient answer; and that they were relieved from making it by the allegation in the complaint, that such certificate was made by the proper officer, which was admitted to be true. But that as between the relators and the defendants, the burden was upon the former to make out a better title.

*Wilson S. Wolf* for appellants.

*D. J. Dean* for respondents.

DANFORTH, J., reads for affirmance.
All concur.
Judgment affirmed.