### COOK v. LAKE et al.

(Supreme Court, Appellate Division, Fourth Department. March 21, 1900.)

1. FRAUDULENT CONVEYANCES—SETTING ASIDE—NECESSARY PARTIES.
　　The final fraudulent grantee is a necessary party to an action to set aside a conveyance as fraudulent and void.

2. DEFECT OF PARTIES—APPEAL—REVERSAL.
　　Under Code Civ. Proc. § 452, providing that where a complete determination of the controversy cannot be had without the presence of other parties the court must direct them to be brought in, the court will, on appeal, reverse a case, and order a necessary party to be made defendant, notwithstanding no question as to his being a necessary party was raised by demurrer or answer.

Appeal from trial term, Erie county.

Action by William W. Cook, receiver, against Wilbur F. S. Lake and others. From a judgment in favor of plaintiff, defendant Lake appeals. Reversed.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and LAUGHLIN, JJ.

Loran L. Lewis, Jr., for appellant
Wallace Thayer, for respondent.

LAUGHLIN, J. This action was brought to set aside as fraudulent and void a conveyance of land by David Lake to his son and daughter, the defendants herein. The conveyance was made on the 10th day of August, 1898, and the consideration expressed was love and affection. David Lake, at the time of deeding the property to his children, was engaged to marry Augusta C. Younger, who subsequently brought an action against him for breach of promise, and recovered judgment for $5,000 damages by confession the day following the service of the summons. Execution was immediately issued on this judgment, and it was returned unsatisfied on the 7th day of December, 1898. On the application of the

plaintiff in that action, the plaintiff herein was appointed receiver of the property of the judgment debtor, pursuant to a previous understanding between him and the attorneys for the judgment creditor, and, by like understanding, this action was subsequently brought for the purpose of clearing the way to enable said judgment creditor to obtain satisfaction of her judgment by a sale of the premises. The appellant defended upon the ground that he took the conveyance in good faith, and that there was a good consideration, and that the judgment in the action for a breach of promise was obtained by collusion, for the sole purpose of enabling David Lake to regain title to the premises. Upon the trial the attention of the court was drawn to the fact that, within a few weeks after the appellant obtained title from his father, he conveyed all of his right, title, and interest in and to the premises to his wife, Frances H. Lake, which conveyance was recorded in the proper county clerk's office some months before the commencement of this action or the recovery of the judgment in the breach of promise suit. The deed from the appellant to his wife was received in evidence, under the plaintiff's objection and exception, and the court, in its decision, found the facts with reference to the execution and recording of this deed, and also found that the appellant's wife had full knowledge of the facts and parted with no consideration. The court also found, as a conclusion of law, that the deed from David Lake to the defendants should be set aside as fraudulent and void as against the judgment of Augusta C. Younger, and that she should be permitted to issue execution and sell said premises thereunder as if said conveyance had not been made.

The appellant did not raise the objection by his answer that there was a defect of parties defendant; therefore he had no legal right to insist upon his wife being made a party. Osterhoudt v. Board, 98 N. Y. 239. The litigation will be fruitless without the presence of Frances H. Lake, who holds the record title to the premises, and we are of opinion that she is a necessary party to a complete determination of the controversy. The judgment can have no binding effect upon the appellant's wife, and, while it cannot as a matter of law prejudice her legal rights, the result of the judgment is that her land is to be sold on execution, on the theory that she has no title, whereas but for this decision, concerning which she has not been heard, she had a clear record title. The judgment creditor doubtless could have pursued her legal remedy, and have sold the land under execution, and the purchaser, if he obtained possession, might have defended his title against the appellant's wife, upon the ground that the transfer to her was fraudulent, and might have impeached the conveyance to her upon the same ground, in an action at law to recover possession. Smith v. Reid, 134 N. Y. 568–577, 31 N. E. 1082. It does not follow, however, that a court of equity should permit this suit to be prosecuted to judgment against an intermediate fraudulent grantee, who has parted with his title, and who claims no interest in the premises, and has none upon the record. While such an intermediate fraudulent

grantee may be a proper party, he is not a necessary party to an action brought by a judgment creditor to have the conveyance to the party holding the legal title when the action is commenced declared fraudulent and void, and to procure a sale of the premises for the purpose of satisfying the judgment. The judgment, in such an action, does not restore the title to the grantor, who has, according to the record, parted with all his interest. It does not set aside the conveyance as fraudulent between the parties thereto. It merely declares that the final grantee holds title subject to the lien of the judgment. Bierschenk v. King, 38 App. Div. 360–364, 56 N. Y. Supp. 696; Fox v. Moyer, 54 N. Y. 130, 131; Dawley v. Brown, 11 N. Y. St. Rep. 260; 5 Enc. Pl. & Prac. 543, 544. But, upon principle and authority, it is settled that the final fraudulent grantee is a necessary party. Wait, Fraud. Conv. §§ 129–131; 5 Enc. Pl. & Prac. 543, 544; Pom. Code Rem. §§ 347, 348; Shaver v. Brainard, 29 Barb. 27–30; Sage v. Mosher, 28 Barb. 287; Gray v. Schenck, 4 N. Y. 460; Hammond v. Machine Co., 20 Barb. 383; Sherman v. Parish, 3 N. Y. 490; Bank v. Yuengling, 58 Hun, 474, 12 N. Y. Supp. 762.

Although the question is not raised by demurrer or answer, yet, where a complete determination of the controversy cannot be had without the presence of other parties, it is the duty of the court, under section 452 of the Code of Civil Procedure, of its own motion, to postpone the trial, and direct the plaintiff to bring such parties in, and, where this is not done, the appellate court may order it done. Pondir v. Railroad Co., 72 Hun, 391, 392, 25 N. Y. Supp. 560; Shaver v. Brainard, supra; Osterhoudt v. Board, supra; Bank v. Shuler, 153 N. Y. 163, 47 N. E. 262; Mahr v. Society, 127 N. Y. 452, 28 N. E. 391.

These considerations render it unnecessary for us to review the case upon the merits, and require that the judgment appealed from be reversed, and that the plaintiff be directed to bring in Frances H. Lake as party defendant, without costs of this appeal to either party. All concur.