(119 App. Div. 416)

## PEOPLE v. McCLELLAN.

(Supreme Court, Appellate Division, First Department.　May 17, 1907.)

1. Quo Warranto—Title to Office—Action by Attorney General—Absence of Relator—Presumption.

Code Civ. Proc. § 1986, provides that where an action is brought by the Attorney General, on the relation or information of a person having an interest in the question, the complaint must allege, and the title of the action must show, that the action is brought on the relation of that person, and in such case the Attorney General must require the relator to give security for costs and expenses. *Held*, that where the Attorney General brought an action in the nature of quo warranto to try the title of the mayor of a city to his office on his own motion, without the relation of the opposing candidate, it would be presumed that the latter made no claim to the office and had preferred no complaint to the Attorney General that he was unlawfully kept out of it.

2. Same—Parties.

Code Civ. Proc. § 1948, authorizes the Attorney General to maintain an action on his own information against a person who usurps, intrudes into, or unlawfully holds or exercises a public office; and section 1949 provides that in such action the complaint may set forth the name of the person rightfully entitled to the office and the facts showing his right thereto, whereupon judgment may be rendered on the right of the defendant, and of the party so alleged to be entitled, or on the right of the defendant, as justice requires. *Held*, that where a complaint not only alleged that defendant was not entitled to an office in controversy because he did not receive the greater number of legal votes cast, but that H., his opposing candidate, did receive the greater number of legal votes cast and was legally entitled to the office, so that a judgment declaring one of the parties entitled to the office of necessity must declare that the other was not, H. was a necessary party to the action.

3. Parties—New Parties—Joinder.

Code Civ. Proc. § 452, provides that, where complete determination of the controversy cannot be had without the presence of other parties, the court must direct them to be brought in. *Held* that, where it appears at any stage of an action that parties having an interest in the controversy are not before the court and that they should be brought in, the court is bound, even on its own motion, to direct that they be joined, and to refuse to enter judgment without them.

4. Same—Defect of Parties—Demurrer.

A defect of parties plaintiff, appearing on the face of the complaint, is properly brought to the court's attention by demurrer.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 37, Parties, § 125.]

5. Quo Warranto—Title to Office—Judgment—Statutes.

The term "party," as used in Code Civ. Proc. § 1949, providing that, in a suit to try title to an office, judgment may be given on the right of the "party alleged to be entitled to the office," should be construed to mean the "party to the action" alleged to be so entitled.

Appeal from Special Term.

Action in the nature of quo warranto by the people against George B. McClellan. From an interlocutory judgment overruling a demurrer to the Attorney General's complaint, defendant appeals. Reversed, and demurrer sustained.

See 103 N. Y. Supp. 827.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGHLIN, CLARKE, and SCOTT, JJ.

G. D. B. Hasbrouck, for appellant.
C. A. Dolson, for the People.

SCOTT, J. In this action in the nature of quo warranto the people of the state of New York sue by the Attorney General, without a relator. The purpose of the action is two-fold. It is sought to obtain a judgment ousting the defendant from the office of mayor of the city of New York, and declaring that William R. Hearst was duly elected to that office and now has the legal right to hold the same. The complaint alleges that there was an election for mayor of the city of New York on November 7, 1905; that at that election by the greatest number of legal votes William R. Hearst was legally elected mayor; that in every election district in said city ballots lawfully marked and cast for Hearst were counted and canvassed for the defendant, and ballots illegally or defectively marked were counted and canvassed for the defendant, and persons were permitted to vote and did vote for defendant who were not entitled to vote, and votes were canvassed and entered on the returns as votes for the defendant which had not been cast at all; that the total number of votes canvassed and declared as having been cast for defendant was 228,397, and the total number canvassed and declared as having been cast for Hearst was 224,923; that the total number of votes miscounted in favor of McClellan, and of those illegally counted in his favor, and the total number of votes omitted to be counted for Hearst, greatly exceeded the difference between the votes canvassed and declared to have been cast for the defendant and those canvassed and declared to have been cast for Hearst; that, notwithstanding the election of Hearst by the greatest number of legal votes, the defendant has intruded into and now usurps the office of mayor, and unlawfully claims and assumes to exercise the powers and functions of mayor. Judgment is asked upon the right of Hearst to the office, and upon the pretended right of McClellan to it, and that it be adjudged that McClellan, the defendant, has no right to the office, but that Hearst has, and that defendant be ousted therefrom. The defendant demurs: First, that there is a defect of parties plaintiff or defendant, in that Hearst should have been made a relator, or a party plaintiff or defendant; second, that the complaint does not state facts sufficient to constitute a cause of action; and, third, that plaintiff has not legal capacity to sue, because the action is brought neither upon the information of the Attorney General, nor upon the complaint of a private person.

The only one of these grounds of demurrer which seems to call for consideration is that which sets up a supposed defect of parties. Under our present practice, which substitutes an action for the ancient proceeding by writ, the complaint takes the place formerly taken by the paper then known as an "information"; and, while the Code of Civil Procedure still speaks of the Attorney General acting upon his own information, that does not mean that before issuing a summons he must inform himself, by a formal document, that there is cause to commence an action. The word is now used in contrast to a "complaint by a private person," and means no more than that the Attorney General may commence such an action upon his own motion, and upon

knowledge or information possessed by himself, without waiting for a complaint by any person. The question as to the necessity of joining Hearst as a party is more serious, and no direct precedent is to be found for its solution. There have been cases in which defendants, sued in quo warranto, have demurred for misjoinder of parties, seeking to eliminate from the action the person who claimed the office adversely, but none, so far as we have been able to find, wherein the demurrer has been for defect of parties. Indeed, we have been referred to no case in which there was a contest between two persons over the right to hold a public office in which the Attorney General has not joined the claimant either as a relator or as a defendant. As was remarked by Judge Earl in People ex rel. Gilchrist v. Murray, 73 N. Y. 535–541:

"The public usually have no interest in a public office, except to see that its duties are properly discharged, and generally the litigation over the right to hold an office is a mere private litigation between the several claimants, in which the people are merely a nominal party."

Accordingly section 1986 of the Code of Civil Procedure provides that, where an action is brought by the Attorney General on the relation or information of a person having an interest in the question, the complaint must allege and the title of the action must show that the action is brought upon the relation of that person, and in such a case the Attorney General must, as a condition of bringing the action, require the relator to give satisfactory security to indemnify the people against the costs and expenses thereof. We, of course, are bound to assume that the Attorney General has not overlooked this plain provision of the statute, and has not committed the people to what must prove a protracted and expensive litigation without indemnity against the costs thereof, if he could have exacted such indemnity. We must therefore assume that Hearst has laid no complaint or information before the Attorney General and makes no claim to the office which the defendant now holds; for otherwise Mr. Hearst would have been joined as relator, and would have been called upon to indemnify the state. We have therefore the unusual condition of an action by the people, upon the information of the Attorney General, to oust the incumbent of an office, and to put in his place another who, so far as appears, makes no claim of title to the office, and has preferred no complaint that he is unlawfully kept out of it.

The Attorney General is authorized by section 1948 of the Code of Civil Procedure to maintain an action "upon his own information" against a person who usurps, intrudes into, or unlawfully holds or exercises a public office, and it is by virtue of the power thus granted that he has brought the present action; and, if no other question were involved than the defendant's title to hold the office, he would have no concern to call in question the claim of any other person to the office. Such a case would be presented if the allegation was that the defendant was ineligible to hold the office, or had by some act forfeited it. People ex rel. Cornell v. Knox, 38 Hun, 236. In such an action it would not be necessary or relevant to set out in the complaint the alleged defect in the defendant's title, or to allege that any other person had a better

title to the office.   All that would be necessary or proper to do would be to allege the intrusion and usurpation, leaving the defendant to assume the burden of establishing his right to the office (People v. Utica Ins. Co., 15 Johns. 358, 8 Am. Dec. 243; People v. Bank of Niagara, 6 Cow. 196); and in the case of an elective officer, such as the mayor of the city of New York, the production. of the certificate of election would be a sufficient answer to the charge of usurpation (People ex rel. Watkins v. Perley, 80 N. Y. 624), and no issue as to the validity of that certificate would be presented unless raised by a replication.   The Attorney General has not, however, merely called in question the defendant's title to the office, but has affirmatively alleged that Hearst was legally elected and is entitled to hold the office, finding his authority for raising this question in section 1949 of the Code of Civil Procedure, which provides that in such an action as this, besides stating a cause of action against the defendant, the complaint may set forth the name of the person rightfully entitled to the office, and the facts showing his right thereto, whereupon "judgment may be rendered upon the right of the defendant, and of the party so alleged to be entitled, or only upon the right of the defendant, as justice requires."

The defect alleged respecting the defendant's title is, not that he is ineligible to hold the office, or that he has forfeited it, but that Mr. Hearst received a greater number of legal votes for the office than McClellan did.   It is evident that this issue calls in question, not only the number of legal votes cast for the defendant, but also the number of legal votes cast for Hearst; for it makes no matter how many of the votes canvassed and counted as having been cast for the defendant were improperly received or counted, if, after all such have been eliminated, it appears that he received more legal votes than were cast, counted, and canvassed for Hearst.   The action, therefore, necessarily involves a judicial scrutiny, not only of the votes counted and canvassed for McClellan, but of those counted and canvassed for Hearst; and, upon the contention that Hearst received more legal votes than McClellan, the people by this form of action have assumed the affirmative.   People ex rel. Watkins v. Perley, supra.   Hence it follows that in this action Hearst's title to the office is necessarily involved in the same manner and to the same degree that McClellan's title is involved, and the action resolves itself into a contest over the number of legal votes received by each, respectively, so that a judgment declaring one to be entitled to the office of necessity must declare the other not entitled.   Under these circumstances Hearst would certainly be a proper party to the action, and we think that he is a necessary party.   People ex rel. Crane v. Ryder, 12 N. Y. 433; People v. De Bevoise, 27 Hun, 596.   Necessary parties are those whose rights must be ascertained and settled before the rights of the parties to the suit can be settled (Chapman v. Forbes, 123 N. Y. 532, 26 N. E. 3); and, as has been shown, the right of the people to a judgment of ouster against the defendant can follow only a determination that Hearst has a superior right to the office, and a judgment declaring that McClellan was not rightfully elected, without at the same time declaring that

Hearst was, would not only produce great public confusion, by creating a vacancy or interregnum in the office of mayor, but would not be conclusive as to Hearst's title to office, or as to that of any one claiming under him, or by his title (People ex rel. Gilchrist v. Murray, 73 N. Y. 535). A complete and final determination of the controversy cannot, therefore, be had, unless Hearst is a party to the action, so that the judgment shall determine his title to the office as well as that of the defendant. Section 452 of the Code of Civil Procedure provides that, "where a complete determination of the controversy cannot be had without the presence of other parties, the court must direct them to be brought in," and where it is made to appear, at any stage of the action, before or after trial, that there are parties having an interest and who should be brought in, the court is bound, even of its own motion, to direct that they be brought in, and to refuse to render judgment until they are brought in (Cook v. Lake, 50 App. Div. 92, 63 N. Y. Supp. 818; Osterhoudt v. Supervisors, 98 N. Y. 239; Steinbach v. Prudential Ins. Co., 172 N. Y. 471, 65 N. E. 281; Moulton v. Cornish, 138 N. Y. 133, 33 N. E. 842, 20 L. R. A. 370); and a demurrer, if the facts appear on the face of the complaint, is an appropriate means of bringing to the attention of the court the absence of a necessary party.

We are also of the opinion that the sections of the Code of Civil Procedure relating to actions of this character clearly contemplate that, where the controversy is over the rival claims of two persons to hold the same office, both should be made parties to the action. As already pointed out, section 1986 is mandatory in the requirement that, when the action is brought on the relation or information of a claimant to the office, he must be joined as a relator; and section 1954 provides that, where two or more persons claim to be entitled to the same office, the Attorney General may bring an action against all to determine their respective rights thereto; and section 1949, under which this action is brought, provides for a judgment upon the right of the "party alleged to be entitled." The use of the word "party" in this section seems to be indicative of an intention by the Legislature that the "person alleged to be rightfully entitled to the office" shall be a party to the action; for in legal terminology, especially in a practice act, the word "party" means a party to the action. Seeley v. Clark, 78 N. Y. 220; Lane v. Boschlowitz, 77 App. Div. 172, 78 N. Y. Supp. 1072. We are therefore of the opinion that William R. Hearst is a necessary party to the action, and that it should not proceed further without his presence.

The judgment appealed from must therefore be reversed, and the demurrer sustained, upon the ground that there is a defect of parties defendant, with costs in this court and the court below, with leave to the plaintiff within 20 days, and upon the payment of such costs, to take appropriate action to bring in said William R. Hearst as a party defendant; the defendant's time to answer being meanwhile extended until 20 days after said Hearst shall have been made a party defendant, and notice thereof shall have been given to the present defendant. All concur.