ANNIE CULLEN and Others, as Executrices, etc., of JOHN CULLEN, Deceased, and FRANCIS N. HOWLAND, as Surviving Partner of the Firm of CANDEE & SMITH, Appellants, *v.* WILLIAM E. WALSH and GERTRUDE A. WALSH, as Administrators de Bonis Non, etc., of PETER N. PHILLIPS, Deceased, and Others, Respondents.

First Department, July 13, 1917.

**Party — decedent's estate — suit to enjoin representatives from paying judgment — effect of assignment of judgment — when representative of assignor not necessary party — stay.**

Where judgment creditors of a decedent sue the estate in equity to obtain a decree that a judgment prior to theirs which the decedent had assigned to his mother was paid and satisfied and that subsequent assignments thereof by the mother were void and to enjoin the payment of said prior judgment by the representatives of the estate, the representative of the mother, she having died, while a proper, is not a necessary, party to the suit, for the mother by her assignment had parted unconditionally with all interest in the prior judgment.

Hence, the trial of the suit should not be stayed to bring in said representative.

APPEAL by the plaintiffs, Annie Cullen and others, as executrices, and another, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 11th day of April, 1917, staying the trial herein until plaintiffs bring in the representative of Margaret Phillips, named as a defendant but not served, who died about the time of the commencement of the action.

*Otto C. Sommerich,* for the appellants.

*Howard Thayer Kingsbury* [*W. De Forest Manice* with him on the brief], for respondents R. Emmet Walsh and others.

LAUGHLIN, J.:

This action arose out of a controversy with respect to the distribution of the assets of the estate of Peter N. Phillips in the Surrogate's Court of Queens county. Three judgments had been recovered against Phillips; one on the 18th of June, 1896, by Mary McDonough, another on the 28th of January, 1898,

by John Cullen, deceased, whose representatives are parties plaintiff, and a third by the firm of Smith & Howland, represented by the surviving partner as plaintiff herein, on the 14th of March, 1899. The payment of the first judgment will exhaust the assets. The owners of the junior judgments contended in the Surrogate's Court that the senior judgment should be deemed in equity to be paid, but the surrogate, being without equitable jurisdiction, decreed payment in the order of priority as required by section 2682 (former section 2719) of the Code of Civil Procedure. The plaintiffs herein then appealed and the Appellate Division, Second Department, affirmed the decree; but in the order of affirmance incorporated a provision to the effect that the affirmance was without prejudice to a suit in equity, "wherein by joinder of proper parties, the equitable ownership of the McDonough judgment may be finally determined." (See *Matter of Walsh*, 174 App. Div. 895.) This action was then brought by the owners of the junior judgments to have it decreed that the senior judgment, upon the assignment thereof by the judgment creditor to said Margaret Phillips, became paid and satisfied, and that the subsequent assignments thereof were void, and to enjoin payment of the judgment by the representatives of the estate and to permanently enjoin the assignees of the judgment, including said Margaret Phillips, from taking any steps to enforce the same, and to have it decreed that the representatives of the estate pay the remaining assets on account of the judgments held by the plaintiffs. It is alleged that the assignment of the senior judgment to Margaret Phillips, who was the mother of the judgment debtor, was dated the 3d of February, 1898, but was not delivered until the 4th of January, 1900; that by an assignment bearing date the 6th of June, 1912, she assigned it to defendant John M. Phillips, her son, for a nominal consideration, and for a like consideration on the 1st day of July, 1912, he formally assigned it to the defendant R. Emmet Walsh, brother in law of the judgment debtor; that the assignments were all filed together on the 6th of August, 1912; and that all of said assignments were made without any actual consideration and for the purpose of hindering and delaying the plaintiffs in the collection of their judgments. The plaintiffs do not attack the validity of the

senior judgment or the validity of the assignment thereof by the judgment creditor to Margaret Phillips; but they claim that the judgment debtor furnished the consideration for the assignment of the judgment from the judgment creditor to his mother, and that, therefore, as to them that assignment should be deemed a payment of the judgment. The theory of that claim, as alleged, is that prior to the first assignment of the senior judgment the judgment debtor agreed with one Dwyer to superintend the erection of a schoolhouse for which Dwyer had a contract with the city, and for his services was to receive one-half of the profits; but that the formal contract therefor was entered into between his mother and Dwyer and the consideration was paid to her notwithstanding the fact that the judgment debtor rendered the services, and that this was done to conceal the true facts from the plaintiffs and to cheat and defraud them, and that the contract with Dwyer was entered into after the indebtedness upon which the third judgment was recovered had been incurred, and that all the moneys were received by the mother of the judgment debtor under the contract subsequent to the recovery of the second and third judgments. The sufficiency of the allegations to warrant the relief demanded is not presented for decision and no opinion is expressed thereon.

The appellants contend that Margaret Phillips, the mother of the judgment debtor, was not a *necessary* party and they rely on authorities holding that where a trustee in bankruptcy or a judgment creditor seeks to follow property or to remove a cloud or to impress a lien it is only necessary to sue the party having legal title on the theory that an alleged fraudulent conveyance is good as between the parties and is void only as to creditors. (*Bierschenk* v. *King*, 38 App. Div. 360 and cases cited; *McNeal* v. *Hayes Machine Co., Inc.*, 118 id. 130; *Johnston* v. *Gundberg*, 113 id. 228. See, also, *National Bank of Deposit* v. *Rogers*, 166 N. Y. 380, 391.) That rule does not literally apply here for the plaintiffs are not judgment creditors of Margaret Phillips. On the facts alleged, however, Margaret Phillips has no further interest in the judgment. Whatever title or interest she had passed by the assignment and the only person now claiming an interest is the final assignee. An adjudication herein that he

is not entitled to enforce the judgment would not restore title to his assignor or to any former assignor. It would leave the legal title and ownership of the judgment in him but would enjoin him from attempting to enforce it and decree that it had been paid and satisfied. While, therefore, Margaret Phillips would have been a *proper* party she was not a *necessary* party for on the facts as alleged she claims no interest in the judgment and has none. (*Cook* v. *Lake,* 50 App. Div. 92; *McNeal* v. *Hayes Machine Co., Inc., supra.*) If she were a necessary party it would be the duty of the court to refrain from deciding the issues whether the objection were taken or not. (See *Steinbach* v. *Prudential Insurance Co.,* 172 N. Y. 471; *Cook* v. *Lake, supra.*) It cannot be held that the personal representative is a necessary party on the theory that if it be held that the judgment is not enforcible on the ground that it was paid before she assigned it there may be a controversy between her estate and her assignee and the subsequent assignees. That is not the criterion for determining whether one is a necessary party. If the owner of the judgment for any reason wishes to have the judgment herein made binding on his assignor he may give his assignor notice of the attack made upon it and call upon him to defend, but that does not concern the plaintiffs. Since neither Margaret Phillips nor her personal representative has, on the facts as alleged, any interest in the senior judgment I think neither was a necessary party. The appellants also rely on *First Nat. Bank* v. *Shuler* (153 N. Y. 163). That was a judgment creditor's action to set aside a general assignment for the benefit of creditors and certain specific absolute transfers of property on the ground that the same were fraudulent. The assignor had been originally made a party but he died pending the action and it was tried before a referee without bringing in his representative. The referee decided that the transfers were fraudulent and void and that the transferees should account therefor to a receiver and that the proceeds should be applied on the plaintiff's judgment. The Court of Appeals held that the assignor was a *necessary* party on the ground that by the assignments he created a trust which as between him and the assignee he was entitled to have the assignee execute; and that for the same reason the personal repre-

sentative of the assignor was a necessary party, but the Court of Appeals recognized and distinguished the authorities holding that where a conveyance is *absolute* instead of *in trust* and *indefeasible title is transferred*, the alleged fraudulent vendor is not a necessary party. That case, however, does not establish that Margaret Phillips was a necessary party, for as already observed she parted unconditionally and absolutely with all interest in the judgment.

It follows that the order should be reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.

CLARKE, P. J., SCOTT, DAVIS and SHEARN, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.