CHARLES E. GARDNER, RESPONDENT, *v.* THE C. B. KEOGH MANUFACTURING COMPANY, APPELLANT, IMPLEADED WITH OTHERS, DEFENDANTS.

*Fraudulent conveyances — transfers of corporate stock — when the transferees are not necessary parties — rights of stockholders.*

A judgment-creditor of the individual members of a firm brought an action against the members of the firm, and against a corporation to which the firm had transferred its property, to set aside the transfer, the complaint alleging that the transfer was made to defraud the firm creditors, and that, to that end, the individual defendants had sold and delivered a large amount of the stock of the corporation at an inadequate price to persons who were not *bona fide* creditors of the firm, and whose claims were much less in amount than the value of the stock transferred to them.

A demurrer was interposed to the complaint upon the ground of a defect of parties.

*Held,* that the persons to whom the stock of the corporation was transferred were not necessary or proper parties to the action.

That the object of the action was not to reach the stock in their hands, but the firm property.

That stockholders, as such, do not own the property of a corporation.

That the allegation was only made to show the fraudulent acts of the individual defendants, and was probably unnecessary.

APPEAL by the defendant, the C. B. Keogh Manufacturing Company, from an interlocutory judgment of the Supreme Court, entered in the office of the clerk of the city and county of New York on the 1st day of June, 1891, overruling a demurrer to the complaint, and from an order, dated on the 27th day of May, 1891, upon which order the judgment was entered.

*E. J. Myers,* for the appellant.

*E. Kent,* for the respondent.

VAN BRUNT, P. J. :

This action was brought by a judgment-creditor of the individual defendants composing the firm of C. B. Keogh & Co., against such individual defendants and the C. B. Keogh Manufacturing Company, to set aside as fraudulent a transfer or conveyance of certain property belonging to said firm made by said firm to the defendant the C. B. Keogh Manufacturing Company. The defendant cor-

poration interposed a demurrer upon the ground that it appeared upon the face of the complaint that there was a defect of parties defendant.

The complaint alleges, among other things, that the property in question was transferred to the corporation, and was accepted by the corporation with intent to hinder, delay and defraud the just creditors of the firm of C. B. Keogh & Co.

It then further alleges that the individual defendants, in pursuance of the scheme or plan aforesaid, transferred and delivered a large amount of the capital stock in said corporation to divers persons who were not, and are not, *bona fide* creditors of said firm, and whose claims and demands against said firm were much less in amount than the value of said stock so delivered; and that said transfer or delivery were made in pursuance of said scheme and with intent to hinder, delay and defraud said creditors, and particularly the plaintiff. It is urged that because of this allegation the persons to whom this stock was delivered are necessary parties to this action because it is claimed their holdings are assailed as being fraudulent.

If this were true, and if the plaintiffs were desirous of reaching the stock in question, the claim would be well founded. But it appears upon an inspection of the complaint that the plaintiff is not at all interested in or desirous of securing any part of the stock of the defendant company; and that all that this allegation was intended to aver was fraudulent practices upon the part of the individual defendants in connection with their dealings with the corporation. The allegation in question was probably entirely unnecessary. All that the plaintiff seeks to recover is property the ostensible title to which is in the defendant corporation; and he alleges a fraudulent scheme between the individual defendants and the corporation, and then, for the further purpose of characterizing the fraudulent character of the action of the individual defendants, he alleges that they transferred the stock they received from the corporation to persons without an adequate consideration.

All the relief demanded is in respect to the property transferred by the individual defendants to the corporation. Stockholders, as such, do not own the property of a corporation, and are not necessary parties in an action brought to affect the title to property held by

the corporation. Hence the stockholders were not necessary parties to the action, nor was the allegation contained in the complaint necessary in order that proof of fraudulent acts upon the part of the defendants might be offered.

We are of opinion, therefore, that the demurrer was rightly overruled and the judgment should be affirmed, with costs, with leave, however, to the defendant to answer on paying the costs of the demurrer upon this appeal and the costs of the court below, within twenty days after entry of order hereon.

O'BRIEN and PATTERSON, JJ., concurred.

Judgment affirmed, with costs, with leave to the defendant to answer on paying the costs of the demurrer upon this appeal and the costs of the court below, within twenty days after entry of order hereon.