CITY EQUITY CO. v. ELM PARK REALTY CO. et al.

(Supreme Court, Appellate Division, Second Department. December 30, 1909.)

1. APPEAL AND ERROR (§ 187*)—PARTIES—FAILURE TO OBJECT TO DEFECTS.
　　Under Code Civ. Proc. § 488, providing that defendant may demur where it appears on the face of the complaint that there is a defect of parties; section 498, providing that, where any of the matters enumerated in section 488 do not appear on the face of the complaint, objection may be taken by answer; and section 499, that, if such objection is not taken by a demurrer or answer, defendant is deemed to waive it—where a defect of parties was not raised by answer or demurrer, nor such objection taken during the trial, any strict legal right of defendant to insist upon the bringing in of an additional party is gone; but in an equitable action, where a complete determination of the controversy cannot be had without the presence of other parties, the court must direct them to be brought in under the express provisions of Code Civ. Proc. § 452, in which case objection may be raised even on appeal, and in a proper case the court may proceed on its own motion to suspend the trial until additional parties are brought in.
　　[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1185–1187; Dec. Dig. § 187.*]

2. FRAUDULENT CONVEYANCES (§ 255*)—ACTIONS TO SET ASIDE—PARTIES.
　　In an action to set aside fraudulent conveyances, where the judgment setting aside such conveyances was based upon a finding that a pretended indebtedness from the grantor to a stockholder of the grantee between whom the contract for the transfer to the grantee, as the stockholder's appointee, was made, was fictitious, the stockholder was not a necessary party, since, if the indebtedness was not fictitious, he would not be bound by the judgment, not being a party, and if he furnished the only consideration for the conveyance, namely, a release pro tanto of his pretended indebtedness, no title would vest in him, nor would any use or trust result in his favor, or in favor of any person except his creditors to an extent necessary to satisfy their just demands, under the express provisions of 3 Cummings & G. Gen. Laws, p. 3284, § 74.
　　[Ed. Note.—For other cases, see Fraudulent Conveyances, Cent. Dig. § 742; Dec. Dig. § 255.*]

3. FRAUDULENT CONVEYANCES (§ 255*)—ACTION TO SET ASIDE—PARTIES.

If the stockholder was, in effect, an intermediate grantor, · because the contract for the transfer was originally made between him and the grantor, he would .not be a necessary, though he might be a proper, party to the action.

[Ed. Note.—For other cases, see Fraudulent Conveyances, Cent. Dig. § 742; Dec. Dig. § 255.*]

Appeal from Special Term, Richmond County.

Action by the City Equity Company against the Elm Park Realty Company and others. Judgment for plaintiff, and certain defendants appeal. Affirmed.

· Argued before WOODWARD, JENKS, BURR, THOMAS, and RICH, JJ.

H. J. McCormick, for appellants.

Benjamin N. Cardozo (Harold Swain and Alfred G. Reeves, on the brief), for respondent.

BURR, J. The findings of the court at Special Term to the effect that the conveyances made by the defendant Jacob I. Housman and his wife to the defendant Elm Park Realty Company were made without consideration and with intent to hinder, delay, and defraud the creditors of the said Jacob I. Housman, and particularly one Joseph T. Williamson, a judgment creditor of the said Housman and the assignor of the plaintiff, are so abundantly sustained by the evidence, and the grounds of such conclusion are so clearly, accurately, and concisely stated by the learned trial justice in his opinion, that further discussion of the evidence is unnecessary.

The only question which we deem worthy of consideration is whether there is a defect of parties because Nicholas P. Housman was not made a party defendant to this action. The objection of a defect of parties, if it existed, was not raised by answer or demurrer, nor was such objection taken during the trial of the action. Therefore any strict legal right on the part of the appellants Jacob I. Housman, the grantor, and Elm Park Realty Company, the grantees named in the said fraudulent conveyance, to insist upon the bringing in of Nicholas P. Housman as an additional party defendant, is gone. Code Civ. Proc. §§ 488, 498, 499; Cook v. Lake, 50 App. Div. 92, 63 N. Y. Supp. 818. Nicholas P. Housman has never made application to the court to be made a party defendant, nor has he any standing upon this appeal. Nothwithstanding this, in an action in equity, "where a complete determination of the controversy cannot be had without the presence of other parties, the court must direct them to be brought in" (Code Civ. Proc. § 452); and it would seem that this objection may be raised· even on appeal, and in a proper case the court may proceed on its own motion to suspend the trial until additional parties are brought in. "It will not render a fruitless judgment, nor will it undertake to decide a single right, in the absence of persons who are entitled to be heard in respect to it, and who may be prejudiced by the decision." Osterhoudt v. Board of Supervisors, 98 N. Y. 239.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

It seems to us clear that a complete determination of this controversy can be had without prejudice to the rights .of Nicholas P. Housman and without his presence. It is true that the judgment in this action has for its foundation a finding that a pretended indebtedness from Jacob I. Housman to Nicholas P. Housman did not in fact exist, but is fictitious and fraudulent. If such is not the case, as Nicholas P. Housman is not bound by this judgment as a party defendant, his right to enforce his claim is neither affected nor prejudiced thereby. The object of this action is not to have a receiver appointed of all of Jacob I. Housman's property, but to remove a fraudulent obstruction to the lien of a judgment held by the plaintiff upon property owned by the defendant Elm Park Realty Company, so that such lien may be enforced by sale under an execution. Even though the deed be set aside, so far as that lien is concerned, it still remains valid between the grantor and the grantee named therein. Nicholas P. Housman has no legal estate in this land. Even if it be claimed that he furnished the only alleged consideration for the conveyance, to wit, a release pro tanto of his pretended indebtedness, no title vests in him, nor would any use or trust result in his favor, or in favor of any person except his creditors to an extent necessary to satisfy their just demands. Real Property Law, 3 Cummings & G. Gen. Laws, p. 3284, § 74. He has no equitable interest in the property affected by this judgment, except as a stockholder in the defendant company; but this would make it neither necessary nor proper to join him as a party defendant to this action, any more than any other stockholder. Gardner v. C. B. Keogh Mfg. Co., 63 Hun, 519, 18 N. Y. Supp. 391.

If it should be claimed that the said Nicholas P. Housman was in effect an intermediate grantor, because the contract for the transfer of this property was originally made between him and Jacob I. Housman, although the conveyance was made directly to the defendant Elm Park Realty Company as his appointee, this would not make him a necessary, though he might be a proper, party to the action. Cook v. Lake, supra. If it should be claimed that an equitable owner of property, who had an interest therein by reason of an agreement on the part of the record owner to hold the property for him and to reconvey it to him whenever requested so to do, made it necessary that such equitable owner should be made a party defendant to such an action, it is sufficient to say that in this case there is no evidence of any such agreement.

The judgment appealed from should be affirmed, with costs. All concur.