It seems to us clear that a complete determination of this controversy can be had without prejudice to the rights of Nicholas P. Housman and without his presence. It is true that the judgment in this action has for its foundation a finding that a pretended indebtedness from Jacob I. Housman to Nicholas P. Housman did not in fact exist, but is fictitious and fraudulent. If such is not the case, as Nicholas P. Housman is not bound by this judgment as a party defendant, his right to enforce his claim is neither affected nor prejudiced thereby. The object of this action is not to have a receiver appointed of all of Jacob I. Housman's property, but to remove a fraudulent obstruction to the lien of a judgment held by the plaintiff upon property owned by the defendant Elm Park Realty Company, so that such lien may be enforced by sale under an execution. Even though the deed be set aside, so far as that lien is concerned, it still remains valid between the grantor and the grantee named therein. Nicholas P. Housman has no legal estate in this land. Even if it be claimed that he furnished the only alleged consideration for the conveyance, to wit, a release pro tanto of his pretended indebtedness, no title vests in him, nor would any use or trust result in his favor, or in favor of any person except his creditors to an extent necessary to satisfy their just demands. Real Property Law, 3 Cummings & G. Gen. Laws, p. 3284, § 74. He has no equitable interest in the property affected by this judgment, except as a stockholder in the defendant company; but this would make it neither necessary nor proper to join him as a party defendant to this action, any more than any other stockholder. Gardner v. C. B. Keogh Mfg. Co., 63 Hun, 519, 18 N. Y. Supp. 391.

If it should be claimed that the said Nicholas P. Housman was in effect an intermediate grantor, because the contract for the transfer of this property was originally made between him and Jacob I. Housman, although the conveyance was made directly to the defendant Elm Park Realty Company as his appointee, this would not make him a necessary, though he might be a proper, party to the action. Cook v. Lake, supra. If it should be claimed that an equitable owner of property, who had an interest therein by reason of an agreement on the part of the record owner to hold the property for him and to reconvey it to him whenever requested so to do, made it necessary that such equitable owner should be made a party defendant to such an action, it is sufficient to say that in this case there is no evidence of any such agreement.

The judgment appealed from should be affirmed, with costs. All concur.

---

CITY EQUITY CO. v. JONES et al.

(Supreme Court, Appellate Division, Second Department. December 30, 1909.)

Appeal from Special Term, Richmond County.

Action by the City Equity Company against Minnie E. Jones and others. Judgment for plaintiff, and defendants, except Mary Elizabeth Housman, appeal. Affirmed.

Argued before WOODWARD. JENKS, BURR, THOMAS, and RICH. JJ.

H. J. McCormick, for appellants.

Benjamin N. Cardozo (Harold Swain and Alfred G. Reeves, on the brief), for respondent.

PER CURIAM. Judgment affirmed, with costs, upon the authority of City Equity Co. v. Elm Park Realty Co. (decided herewith) 120 N. Y. Supp. 437.

---

WEBSTER REALTY CO. v. DELANO et al.

(Supreme Court, Appellate Division, First Department. December 30, 1909.)

1. TRUSTS (§ 193½*)—SALE OF TRUST PROPERTY.

Laws 1897, p. 49, c. 136, § 1, amending Real Property Law (Laws 1896, p. 573, c. 547) § 85, is intended to permit the sale of the estate of remaindermen which could not be done under the original act, and widens the scope of the section, and authorizes the court to order a sale of trust property because unproductive, or because necessary for the benefit of the estate.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. §§ 246, 248; Dec. Dig. § 193½.*]

2. TRUSTS (§ 193½*)—SALE OF TRUST PROPERTY—STATUTES—"UNPRODUCTIVE."

Where property held under a testamentary trust for a beneficiary for life with gift over of the corpus produces an income grossly disproportionate to its value, with no probable prospect of an increase of income, the property is unproductive within Real Property Law (Laws 1896, p. 573, c. 547) § 85, as amended by Laws 1897, p. 49, c. 136, § 1, authorizing a sale of trust property because it has become unproductive, and the court has jurisdiction, with the consent of the remaindermen, to order a sale of the property.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. § 248; Dec. Dig. § 193½.*]

Appeal from Special Term, New York County.

Action by the Webster Realty Company against Josephine Delano, individually and as trustee, under the will of Christopher Delano, deceased, and another. From a judgment for plaintiff, defendant Josephine Delano, individually and as trustee, appeals. Reversed, and new trial granted.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGHLIN, CLARKE, and SCOTT, JJ.

Robert C. Beatty, for appellant.

M. Edward Kelley, for respondent.

SCOTT, J. This is an appeal by Josephine Delano individually and as trustee under the will of Christopher Delano, deceased, from a final judgment imposing a lien and assessing damages upon the ground of defective title, in an action for the specific performance of a contract for the sale of real estate. The appellant is the owner in fee of premises known as No. 312 Seventh avenue in the city of New York, and holds, as trustee, No. 314 Seventh avenue. She made a contract with plaintiff's assignor for the sale of both parcels. The only question in the case is as to her power to convey No. 314, which she claims the power to sell under an order of the Supreme Court

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.