SAMUEL B. JONES, Respondent, *v.* HENRY T. CADENAS, Appellant.

First Department, April 7, 1922.

**Partnership — action for accounting at termination of partnership —
defendant operating under his own name subsequent to termination
not chargeable with good will where he solicits trade from former
customers.**

In an action between partners for an accounting at the termination of the partner-
ship by the expiration of the time limited by the terms of the agreement, the
defendant, who, at the end of the partnership proceeded to do business in his
own name and wrote to several customers stating that fact and soliciting their
trade, cannot be charged for the good will of the partnership on the ground that
he had appropriated the same, for there was no attempt on the part of the
plaintiff to do any business after the termination of the partnership, and the
defendant did not in any way appropriate the good will or the name of the firm,
nor did he make use of its stationery in the furtherance of his business.

The defendant had a right to notify customers of the partnership that he was
going to do business individually after the dissolution and to ask for their
patronage.

APPEAL by the defendant, Henry T. Cadenas, from a judgment
of the Supreme Court in favor of the plaintiff, entered in the office
of the clerk of the county of New York on the 22d day of March,
1921, upon the decision of a referee.

*De Witt Bailey,* for the appellant.

*Richard S. Treacy, Jr.,* for the respondent.

SMITH, J.:

The plaintiff and defendant were copartners from 1915 to
1920 in the selling of fruit as commission men. It appears that
the defendant had eight people who are called customers, from
whom the fruit was purchased and then the fruit was sold at
auction or to commission houses generally. There is no claim
of any special customers obtained to whom the goods shall be
sold. The partnership was carried on in the name of the Franklin
Fruit Company. The partnership expired by its terms. At the
end of the partnership the defendant proceeded to do business
in his own name and wrote to these parties from whom they had
been purchasing goods that the partnership was to be dissolved
and he was going to do business in his own name and wanted them
to trade with him. There has been no attempt on the part of
the plaintiff to do any business since the partnership was dissolved.
He has made no attempt to get any fruit from these parties and
the probabilities are that if he attempted to get any fruit from
these parties he could get it the same as the defendant. The
plaintiff furnished the greater part of the money in the partnership.

Evidently the defendant furnished the business. At the end of the partnership they had eight or nine of these sellers from whom they got their fruit, for whom they acted as commission men, and the inference is that they were practically the same persons that the defendant had brought to the business.

The defendant did not after the expiration of the partnership assume the name of the Franklin Fruit Company. He did not advertise himself as the successor, but simply that he was going to do business. He had a perfect right to notify these people that he was going to do business individually after the dissolution of the partnership and ask for their patronage.

The referee has charged the defendant below with $2,573.02 for the good will of this partnership appropriated by the defendant. I am wholly unable to understand upon what basis any such claim can rest. The most that I can see is that the defendant procured these fruit sellers to give him fruit, and as I say, there is no evidence that the plaintiff could not have done the same thing. He has not in any way appropriated the good will, or the name, or the stationery of the firm, and I think the judgment should be modified by striking therefrom the charge for the good will of the business, and that the judgment as modified should be affirmed, with costs to appellant.

DOWLING, LAUGHLIN, MERRELL and GREENBAUM, JJ., concur.

Judgment modified as directed in opinion and as so modified affirmed, with costs to appellant. Settle order on notice.