Eugene Kade, Respondent, v. Sanitary Fireproofing and Contracting Company, Appellant.— Interlocutory judgment and final judgment reversed upon the law and the facts and new trial granted, costs to abide the event. The finding of a copartnership is against the weight of the evidence, and is based in part upon the incompetent testimony of the plaintiff which impeached the title of the appellant derived from the deceased alleged copartner. We are also of opinion that these judgments cannot stand in the absence of the representatives of the estate of Geraerdts, and we, therefore, direct that they be brought in as necessary parties. (City Equity Co. v. Elm Park Realty Co., 135 App. Div. 856.) We are of the further opinion that an award for good will cannot be made. It was by plaintiff's own agreement and consent that the business was conducted under the corporate name of the appellant, the right to do which was of doubtful validity. (Boag v. Thompson, 208 App. Div. 132.) The relied-upon case of Frear v. Lewis (166 App. Div. 210) was that of a forcible seizure after a forced dissolution, by the remaining partner, who continued the partnership business with new partners, the holding thereupon being that such dissolution and seizure constituted an unlawful appropriation of the good will. No such case as that is presented here. Even in the case of an admitted copartnership, unless it is established upon the dissolution accounting that the defendant partner has appropriated the good will after the termination of the copartnership, an allowance upon such accounting for good will cannot be awarded. (Jones v. Cadenas, 200 App. Div. 635.) There was no dissolution here, and plaintiff's rights were dependent upon his establishing the existence of the copartnership, until which time the defendant, even assuming the copartnership, was rightly in possession of the alleged copartnership assets and the right to conduct the business under the agreement which plaintiff alleged he made with his deceased copartner. This disposition renders unnecessary a determination of the motion (No. 312) to dismiss the appeal from the interlocutory judgment, as well as the motion (No. 319) for leave to file a brief in rebuttal; hence both motions are dismissed. Lazansky, P. J., Rich, Young, Kapper and Seeger, JJ., concur. Settle order on notice.